## SCOTT V. PATTERSON & PARKER.

Decided March 15, 1890.

*Real estate agents—Commissions—When entitled to.*

If a real estate agent employed to sell land introduces a purchaser to the seller, and through such introduction a sale is effected, he is entitled to his commissions though the sale is made by the owner.

APPEAL from *Sebastian* Circuit Court, Fort Smith District.

GEORGE A. GRACE, Special Judge.

*F. A. Youmans* for appellant.

1. The only point in this case is whether or not appellees were "the procuring cause of the sale." Where negotiations are broken off in good faith, and a sale is afterwards made between the same parties, without the intervention of the broker, he is not entitled to commissions. 33 Ark., 448. "The procuring cause of the sale" is equivalent to "the immediate and efficient cause of the sale." 54 Pa. St., 394; 61 Pa. St., 415; 63 Pa. St., 445; 83 Pa. St., 378.

*B. H. Tabor* for appellee.

The evidence shows that appellees were "the procuring cause of the sale," and entitled to commissions. 52 Mo., 249-50; 36 Conn., 136-48; 51 N. Y. (6 Sick.), 124-35.

HUGHES, J. Appellant employed appellees, as real estate agents, to sell for him a tract of land, gave them the numbers of the land, the price and terms, which were ten dollars per acre, one-third cash and the balance in equal payments in one and two years. Scott, the appellant and owner of the land, was introduced by the appellees to Mrs. Humphries, the prospective purchaser, and negotiations were pending between her and Scott for about a week, without

any agreement. Afterwards they met at the office of appellees, for the purpose of determining the matter. They failed to agree and appellant informed Mrs. Humphries that he considered the trade off. Afterwards Scott contracted to sell the land to Vaughan and Hatchett, and sent a deed to be signed and acknowledged by his wife. Upon the return of the deed Vaughan and Hatchett made objections to the title, and declined to consummate their agreement to purchase. Pending their consideration whether they would accept the deed, Scott met Mrs. Humphries and informed her that he had sold the land. She expressed regret that she had not purchased it, whereupon Scott told her that if Vaughan and Hatchett did not take it, he would give her the preference. Soon afterwards Scott sold her the land for all cash, and he and Mrs. Humphries went to the office of appellees, and procured them to prepare the deed. After the deed was prepared and delivered, and the consideration had been paid, appellees demanded commissions for the sale. Scott refused to pay commissions, offering to pay for preparing the deed, and appellees brought this suit.

The appellant in his testimony, after stating other facts, said: "Mr. Parker said in my presence that he had done all he could to sell her the land (meaning Mrs. Humphries), and that he was unable to do so, and that he would turn her over to me; that I might sell her the land, if I could. We met at the office of Patterson and Parker according to agreement, she would not close with me, and I considered the trade off. Patterson and Parker were present, while Mrs. Humphries and I were talking about the matter. After this I contracted to sell the land to John Vaughan." And, in the cross-examination, appellant said: "I did not have anything to do with selling the property, until after Patterson and Parker had declined to have anything more to do with the property." Appellees testified in substance that they had no information that negotiations were broken off between Scott and Mrs.

Humphries, after they had failed to agree at their office; that there was merely a lull in the trade; that Scott never took the property off their books, and never revoked their authority to sell; that they had no knowledge of the attempted trade with Vaughan·and Hatchett.   The court sitting as a jury found the facts to be,

"First: That defendant (appellant) employed plaintiffs (appellees) to sell a piece of land on Mazzard Prairie.

"Second: That plaintiff entered the numbers on their books and the price, which was $1,340, one-third cash, and the balance to be paid in two installments, all to be paid by May, 1889, interest at ten per cent per annum.

"Third: That plaintiffs and defendant co-operating endeavored to sell to the final purchaser, whom plaintiffs found and introduced to defendant.

"Fourth: That a sale was finally made to the same party that plaintiffs had introduced to defendant, but was first agreed to between purchaser and defendant; and plaintiffs were notified of the same and made out the final papers and aided in closing up the transaction.   Said sale was for $1,200 cash.

"Fifth: That plaintiffs had no notice of any termination of negotiations with the purchaser, nor of any attempted trade between defendant and Vaughan.

"Sixth: That the plaintiffs were the procuring cause of the sale and acted in good faith throughout.

"Seventh: That the negotiations had been pending and had not been broken off, until final sale.

"Eighth: That the amount of commissions due plaintiffs was five per cent on first thousand dollars of purchase money, and two and one-half per cent on the remainder, being $55.00."

Upon the facts as found the court declared the law to be: "That a real estate agent or broker employed to sell land and who is the procuring cause of a sale, while negotiations were

still pending, and acts in good faith, is entitled to his commissions, although the owner aided in the transaction, and finally himself made the agreement with the purchaser." Whereupon the court gave judgment for the appellees for $55.00 and costs. Appellant excepted at the time to the finding of facts, and the declarations of law by the court, moved for a new trial which was denied, and he excepted and appealed. As there is conflict in the testimony as to material facts, we cannot disturb the findings of facts by the court sitting as a jury. We cannot say they are without evidence to support them.

*Real Estate broker — When entitled to commissions.*

Was the law correctly declared? In *Tyler v. Parr*, 52 Mo., 249, it was adjudged that, "the law is well settled that in a suit by a real estate agent for the amount of his commissions it is immaterial that the owner sold the property and concluded the bargain. If, after the property is placed in the agent's hands, the sale is brought about or procured by his advertisements and exertions, he will be entitled to his commissions. Or if the agent introduces the purchaser or discloses his name to the owner, and through such introduction or disclosure, negotiations are begun, and the sale of the property is effected, the agent is entitled to his commissions, though the sale may be made by the owner. See the cases cited in the opinion; also *Lincoln v. McClatchie*, 36 Conn., 136; *Lloyd v. Matthews*, 51 N. Y. (6 Sick.), 124.

Finding no error therein, the judgment of the circuit court is affirmed.