HUNTON v. MARSHALL.

Opinion delivered July 22, 1905.

REAL ESTATE BROKER—WHEN ENTITLED TO COMMISSIONS.—A broker who has been employed to sell real estate is entitled to his commissions where he has brought about between his principal and another negotiations which resulted in a sale, which was consummated by the principal.

Appeal from Sebastian Circuit Court, Fort Smith District.

STYLES T. ROWE, Judge.

Affirmed.

STATEMENT BY THE COURT.

Action by J. E. Marshall against Mrs. E. H. M. Hunton to recover the amount of commission alleged to have been earned by the plaintiff as a real estate agent under employment by the defendant for the sale of certain real estate, in the city of Fort

Smith, owned by her. The plaintiff recovered judgment for the amount sued for, and defendant appeals.

*Mechem & Mechem,* for appellant.

A broker is not entitled to commissions for unsuccessful efforts. 83 N. Y. 383; 61 N. Y. 416; 73 Ga. 301.

*Winchester & Martin,* for appellee.

In a suit by a real estate agent for the amount of his commission, it is immaterial that the owner sold the property and concluded the bargain. 53 Ark. 49; 52 Mo. 249.

McCulloch, J. No exceptions were saved below on the introduction of testimony, and none to the rulings of the court in giving or refusing instructions. The only question presented by counsel here is whether or not the plaintiff was the procuring cause of the sale, so as to entitle him to commission.

It is not disputed that plaintiff was a real estate agent, that defendant listed her property with him for sale at the stipulated price of $2,250, and that he at once opened up the first negotiations with one Crawford, who finally became the purchaser.

Appellee testified that, as soon as appellant placed the property in his hand, he offered it to Crawford, and showed it to him, and that Crawford was pleased with it, but said he would not buy for a short while. That the next day he informed appellant of these facts, and she then told him that she had decided to put the price up to $2,400, but finally agreed that he might sell to Crawford for $2,250, net to her, Crawford to pay the commission; that he communicated this price to Crawford, with a statement that his commission would be $115, and Crawford replied that he was still not quite ready to purchase a house, but would decide about it in a few days. Some days later, while the negotiations were still pending between appellee and Crawford, appellant sold the property to Crawford for $2,400, less the commission, and refused to pay appellee a commission.

We think it is quite clear that appellee was the procuring cause of the sale under his employment for that purpose, and is entitled to the commission, though the sale was made and consummated by the owner. *Scott* v. *Patterson,* 53 Ark. 49.

Affirmed.