Horton *v*. Huddleston.

Opinion delivered February 11, 1918.

Real estate brokers — commissions — purchaser introduced by broker.—A. employed B. to sell certain land for him. B. introduced C. to A., and after some negotiations H. sold the land to C. B. sued A. for a commission. *Held,* while it is the rule that a broker may recover a commission, where the owner sells direct to a person whom the broker has introduced to him, that in this case where there was evidence that B. told A. that the trade with C. was off, and where the court properly instructed the jury as to the law, that a verdict in favor of B. would not be disturbed on appeal.

Appeal from Hempstead Circuit Court; *George R. Haynie,* Judge; affirmed.

*Etter & Monroe,* for appellant.

1. Appellant was the procuring cause of the sale. 84 Ark. 465. Appellee acted in bad faith. *Ib.* He was entitled to his commission. *Ib.;* 53 *Id.* 49; 81 *Id.* 96; 89 *Id.* 203; *Ib.* 207; 110 *Id.* 140.

2. The verdict is contrary to the evidence and the court erred in its instructions. 110 Ark. 140; 117 *Id.* 597; 89 *Id.* 208; 84 *Id.* 466.

*Jas. H. McCollum,* for appellee.

1. Failing to sell the land within the time limited by his agency, appellant is not entitled to a commission. 83 Ark. 202; 112 *Id.* 232, 566.

2. The verdict is sustained by the evidence. 126 Ark. 300.

3. The land sold for less than the price fixed. The jury were properly instructed. The verdict is conclusive.

STATEMENT OF FACTS.

F. S. Horton sued H. L. Huddleston for a commission alleged to be due him for the sale of the latter's lands in Hempstead County, Arkansas. F. S. Horton was a real estate agent in the town of Hope, and on the 15th day of August, 1916, entered into a written contract with the defendant, Huddleston, whereby he was to have the agency for the sale of the defendant's farm for ninety days at a price of $1,600.00 net to Huddleston. In a few days after that contract expired, R. A. Bradshaw called at the office of Horton to make inquiries about buying a farm. Horton called up Huddleston, and after some talking, Huddleston agreed to let him sell his land for $1,800.00 net to him. Horton told Huddleston that he must protect him for $200.00 commissions, and it was agreed that Huddleston should ask Bradshaw $2,000.00 for his farm. Early on Thursday morning, about the 24th of November, 1916, Horton and Bradshaw went out to the farm of Huddleston to examine it.

According to the testimony of Horton, Bradshaw said that he must talk with his father-in-law, who was to furnish him the money, before completing any agreement for the purchase of the land. Horton further testified that during that afternoon Huddleston called him up and asked him what Bradshaw was going to do; that he told him that Bradshaw had not agreed to purchase the place at the price asked and advised Huddleston just to let him sweat awhile; that the next morning he again met Bradshaw and asked him what he had done; that Bradshaw said that he had not done anything; that on Saturday he talked to Huddleston and advised him to let Bradshaw alone; that he thought that Bradshaw was going to buy the place; that on the afternoon following, Huddleston came to him and told him to let the place alone as he had sold it; that he asked Huddleston to whom he had sold it, and Huddleston at first evaded him, but later admitted that he had sold it to Bradshaw.

According to the testimony of Huddleston, when they had gone over the place and Bradshaw and Horton were about to start back to town, he said to them, "I want to know today just what you are going to do, whether you are going to make the sale or not." Bradshaw said, "I will let you know today." Huddleston further testified that he called Horton up that night and asked him about it; that Horton told him that he had not made a sale of the land and that the sale was all off; that he met Horton again the next morning and Horton told him that the sale was all off; that relying on this statement, on the following Monday he made a contract with Bradshaw himself to sell him the place for $1,750.00; that he did this because Horton had told him that the deal was off as far as Bradshaw was concerned and that he thought he had the right to deal with Bradshaw himself for any price they might agree upon. Horton denied that he had told Huddleston that the deal was off and stated that Huddleston understood that he was still negotiating with Bradshaw. In this respect Horton was corroborated by Bradshaw.

The jury returned a verdict for the defendant and from the judgment rendered, the plaintiff has appealed.

HART, J., (after stating the facts). In the case of *Scott* v. *Patterson & Parker,* 53 Ark. 49, the court held that if a real estate agent employed to sell land introduces a purchaser to the seller, and through such introduction a sale is effected, he is entitled to his commission although the sale is made by the owner.

According to the testimony of the plaintiff, he was employed by Huddleston to sell his farm and was the procuring cause of the sale. He acted in good faith throughout the transaction and while negotiations were still pending between him and Bradshaw, Huddleston sold the land to Bradshaw. This theory of the case was fully and fairly submitted to the jury upon appropriate instructions. Counsel for the plaintiff complain that the court refused to give certain instructions asked for by them. The principles of law contained in these in-

structions were fully covered in the instructions given by the court upon its own motion, and it is well settled in this State that the court need not repeat instructions upon the same point. Therefore it is not necessary to set out these instructions nor to discuss them in detail.

The right of the defendant to a verdict was made to depend upon the question of whether or not the negotiations between Horton and Bradshaw had ended when Huddleston made the sale to Bradshaw. It will be remembered that Huddleston stated that after Bradshaw and Horton had gone over the land he told Bradshaw, in the presence of Horton, that the matter would have to be settled that day and that they acquiesced in this arrangement; that he called up Horton that night and asked him about the matter; that Horton told him that the trade was all off; that Horton told him practically the same thing the next morning. The court in express terms limited the right of Huddleston to a verdict to the truth or falsity of his testimony in this respect. There was an irreconcilable conflict in the testimony of the parties. Their respective theories were fully and fairly submitted to the jury and the judgment will therefore be affirmed.