## KARSTEN, Appellant, v. ROOT, Respondent.

### (167 N. W. 147.)

(File No. 4215. Opinion filed March 26, 1918)

1. **Trials—Appeals—General Verdict on Conflicting Evidence, Presumption Favoring Verdict.**

    Where a jury finds a general verdict upon conflicting evidence, the Supreme Court will on appeal resolve the evidence in favor of the verdict.

2. **Principal and Agent—Commission Sales—Agent's Profits Under Contract—Net Commissions, Measure of Damages—Instruction—Burden of Proof.**

    Where, in a suit to recover on an account for pianos and other merchandise, defendant counterclaimed for damages for breach of agency sale contract, in that plaintiff wrongfully sold certain pianos which under the contract defendant had the exclusive right to sell, **held,** that the measure of defendant's damages was the gross amount of commissions he would have received per piano, that being what he would have received by performance of the contract, and not the net commissions above costs and expense incurred by the agent in making the sales and in advertising the pianos for sale; since it appeared that the agent had for many years been engaged in an established piano business and sold many other makes of instruments; nor could such expenses, incurred before commencement of suit, could not be added to the commissions in measuring damages; and trial court's instruction accordingly was not erroneous as misleading or as a rule of damages. **Held,** further, that the burden of proof was on plaintiff to show that defendant incurred other expenses, after suit begun.

3. **Evidence—Commission Sale Contract, Wrongful Sales by Principal, Selling Price Evidence of, Materiality.**

    In a suit upon contract, involving alleged wrongful sales by plaintiff of pianos which defendant, under a commission contract for their sale, claimed the exclusive right to sell, and for which he had counterclaimed, held, that the price at which plaintiff sold the pianos was immaterial.

    Whiting, P. J., concurring specially.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by A. C. Karsten, against D. O. Root, to recover upon an account for merchandise sold defendant; defendant counterclaiming. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Crawford & Warren,* for Appellant.

*Null & Royhl,* for Respondent.

(2) To point two of the opinion, Appellant cited: Civ. Code, Secs. 2293, 2329; Cincinnati Gas Illuminating Company v. Western S. L. Co., 14 Sup. Ct. Rptr. 523; Russell, et al, v. Horn, etc. Mfg. Co., (Neb.) 59 N. W. 901; Howe Sewing Machine Company v. Bryson, et al, 44 Ia. 159; Hall v. Stewart, (Ia.), 12 N. W. 741; Fontaine v. Baxley, (Ga.) 17 S. E. 1015; Davis v. Tubbs, 7 S. D. 492; Bowers v. Graves, Vinton Co., 8 S. D. 390.

Respondent cited: Cranmer v. Kohn et al., 7 S. D. 247.

McCOY, J. Plaintiff instituted this action to recover on an account the sum of $579.95 for pianos and other merchandise, alleged to have been sold and delivered to defendant by the Wick Piano Company, and which account had been assigned to plaintiff. Defendant answered, admitting all of said account excepting $71.41 thereof, which was denied. Defendant also pleaded a counterclaim for damages arising from an alleged breach of contract between the Wick Piano Company and defendant, to the effect that by virtue of said contract defendant was to have the exclusive right to sell pianos for said company within certain specified territory and to receive commissions from said Wick Piano Company for such sales; that defendant had been to expense in advertising and otherwise placing before his customers such pianos for sale; that in violation of said contract said company sold 12 or more pianos within said territory, for which defendant would have received a commission of $50 or more for each piano so sold in violation of the terms of said contract; such commission and expense amounted to the sum of $750, which amount, to the extent of plaintiff's claim, defendant demanded to have counterclaimed and set off against the plaintiff's cause of action. Plaintiff interposed a reply to said counterclaim, denying the allegations thereof, and also alleging that if said contract was ever made the same had been mutually abandoned and canceled and never became operative, and that defendant was not damaged by any violation thereof. On the trial verdict was rendered in favor of defendant upon all the issues, and judgment thereon accordingly rendered in favor of defendant, from which plaintiff appeals, assigning various errors.

[1] The jury having found a general verdict for defendant, for the purposes of this appeal all conflict in the evidence must be resolved in his favor. We are of the opinion that the evidence

was clearly sufficient to sustain the verdict. It will serve no useful purpose to further refer thereto.

[2] This case was before this court on a former appeal (36 S. D. III, 153 N. W. 932), and the judgment reversed on the sole ground that the court erred in instructing the jury that the contract was in full force and effect until such time as the jury should find that a written notice of cancellation thereof had been given. There having been some evidence to this effect that the contract had been mutually abandoned and canceled and so acted upon without a writing, by the former opinion it was held that such question should have been submitted to the jury. On the last trial the evidence was substantially the same as on the former, and the question of mutual abandonment and cancellation was properly usbmitted to the jury and a finding thereon made in favor of defendant. On the last trial the court instructed the jury that under and during the lifetime of the contract defendant would be entitled to the usual and ordinary commissions or profits on all Wick pianos sold in said territory by the Wick Company in violation of said contract. Appellant contends that this instruction was misleading, and gave to the jury a wrong rule or measure of damage. We are of the opinion that this contention is not well taken. A similar question was before the court in Baskerville v. Garr-Scott Co., 14 S. D. 1, 84 N. W. 204, and in that case the court held that such commissions were recoverable. By the prior decision of this court in this identical case it was held that such commissions were recoverable. It is urged that respondent should recover, in any event, only net profits or commissions, and that whatever costs and expense would have been incurred by respondent in making the sales should have been deducted from the gross commissions and a recovery be had for the net commission or profit. We are of the view that under some circumstances this contention of appellant would be right, but every case of this character should stand upon its own circumstances. In this case it appears that respondent for many years had been engaged in an established piano business and sold many other makes of instruments. Respondent's testimony tended to show that he had extensively advertised the piano in question among his customers, and had made trips over said territory by automobile, advertising such piano along with his general busi-

ness, and that this expense had been incurred and paid before this action, and before his knowledge of the sales made by the piano company in violation of said contract, and there is no testimony tending to show any other expense that respondent would have been to under the contract; and, while we are of the view that respondent would not have been entitled to recover the expenses he had already incurred and paid in addition to the commissions, still we are of the view, under the circumstances of this case, that he was entitled to recover the full amount of the commissions he would have received had he made the sales instead of the piano company. Under the circumstances of this case that is what respondent would have received had the contract been fully carried out and performed according to the terms thereof.

[3] The trial court sustained the objection, to evidence tending to show the price at which the company sold the 12 pianos in violation of said contract, on the ground that such testimony was immaterial. We are of the opinion that such objection was properly sustained, otherwise a party so violating such a contract, if he made sales low enough, could defeat any recovery against himself, although he had greatly damaged the other party to the contract. The real bone of contention, tried out by the trial court, was the issue of mutual abandonment and cancellation of the contract, and not the question as to the amount of commissions to which respondent might be entitled in case it was found there had been no cancellation. Respondent testified that the average commission per piano was $50. Appellant offered no evidence tending to contradict this evidence. There is no evidence in the record that any sums of money, under the terms of the contract, would have been expended, other than what had already been incurred and expended by respondent, that would have cut down the amount of the commissions so testified to by respondent. The court only instructed the jury as to the commissions or profits, and said nothing in relation to expenses. The expenses shown by the evidence having been incurred and paid prior to this suit became immaterial so far as the commissions were concerned, as under such circumstances respondent was entitled to the gross commissions. If there were any other expenses, the burden was on appellant to show them, and, none

having been shown, it must be presumed on appeal that there were none other than those testified to by respondent. All assignments of error have been considered.

Finding no error in the record, the judgment and order appealed from are affirmed.

WHITING, P. J. (concurring specially). I am of the opinion that, in instructing the jury upon the amount of offset to which the defendant was entitled, which offset was based on the profits due defendant from sales by plaintiff in territory covered by defendant's contract, the trial court erred in not directing the jury: That they must take into account the 10 per cent. of the sale price which, under the contract, was to go to plaintiff where sales were made by a special salesman; and that they must take into account the expenses of such salesman. But while it was error to give such instruction without modification, yet it is not reversible error, as plaintiff did not ask for any modification of instruction given, and it is clear from the whole record that plaintiff tried this cause upon the basic proposition that defendant had no right of recovery at all for profits upon sales made by plaintiff.