## GAMMELL *v.* COX.

### Opinion delivered March 22, 1920.

1. BROKERS—RIGHT TO COMMISSION.—In the absence of an agreement that a broker's agency for the sale of property should be continued for a definite time, or that it should be an exclusive agency, the owner had the right to make the sale himself, without incurring liability for the broker's commission.

2. BROKERS—PROCURING CAUSE OF SALE—EVIDENCE.—Evidence *held* to prove that a broker was not the procuring cause of a sale, and theefore not entitled to a commission.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

*D. D. Glover,* for appellant.

1. Appellee Cox was not the procuring cause of the sale being made, as the evidence shows. 88 Ark. 373; 89 *Id.* 195; 128 *Id.* 347.

2. The court erred in refusing to instruct a verdict for the defendants, as the answer shows Cox did nothing to procure the sale. Before one is entitled to a brokerage on commission, he must show by a preponderance of the evidence that he was the procuring cause of the sale. Cases *supra.*

*H. B. Means,* for appellee.

1. The evidence does support the verdict. It establishes beyond doubt that the efforts of appellee were the procuring cause of the sale. 89 Ark. 203; 44 L. R. A. and note.

2. The case should be affirmed because of the failure of appellant to comply with Rule 9 by setting out his motion for new trial and the instructions given on pages of the record.

McCULLOCH, C. J. Appellant owned a home in the city of Malvern, and sold it to G. W. Ray. Appellee claims that he had a verbal contract with appellant to sell the place for a commission, and that he was the procuring cause of the sale to Ray, and he instituted this action for the earned commission. Appellant admitted that he agreed to pay a commission to appellee, and that he sold the place to Ray, but denied that appellee was the procuring cause of the sale.

The material facts in the case essential to a determination of appellee's right to recover a commission are as follows:

In a conversation between these litigants appellant verbally agreed to pay appellee a commission of five per centum if he would sell the former's home at the price of $5,000. There was no agreement for an exclusive agency on the part of appellee to sell, but merely an agreement that if appellee would sell the place he should receive a commission. Appellee was the cashier of a bank in Malvern, and it was understood between the parties in the conversation just referred to that he would not be able to show the place to prospective purchasers, but would send them to appellant for that purpose and that appellant would show the place for sale to any such prospective purchasers sent to him. Several months later appellee spoke to Ray about buying appellant's home and stated to Ray that he thought the place would suit him for a home. Still later Ray and appellant got together, and appellant showed the place to Ray and sold it to him for $5,000. Ray did not apply to appellant for the purchase of the place, but appellant approached him one day on the street and proposed to sell the place, but Ray replied that he did not want to buy, that he wanted to rent a home. Appellant insisted on Ray coming out to see the place, which the latter finally agreed to do, and when he went out to appellant's home that day negotiations resulted in an agreement for the sale.

We are of the opinion that, according to the undisputed evidence, appellee was not the procuring cause of

the sale, and is not entitled to recover a commission. There was no agreement, either express or implied, that the agency should be continued for a definite time or that it should be an exclusive agency. Therefore, appellant himself had the right to make the sale without incurring liability for the commission. *Blumenthal* v. *Bridges,* 91 Ark. 212.

Appellee did not notify appellant that he had procured Ray as a purchaser. He merely talked to Ray and recommended the purchase of the property from appellant, as did many other friends and acquaintances of appellant. Ray testified, and it is undisputed, that he talked to a great many people in Malvern about renting or buying a home, and that every man he spoke to on the subject told him that he thought appellant's home would suit him. It seems that appellant had mentioned the matter of the sale of his property to many of his acquaintances, who volunteered to recommend it to purchasers. Ray testified that he made the purchase entirely on his own judgment, uninfluenced by the recommendations of others. If appellee had notified appellant of the fact that Ray was a prospective purchaser and the two parties were thus brought together in negotiations which resulted in a sale, it might be inferred that appellee was the procuring cause of the sale, but it is undisputed that appellee gave no intimation to appellant that Ray was a prospective purchaser, and the fact is undisputed that Ray did not go to see appellant and open negotiations pursuant to appellee's recommendation. On the contrary, it is undisputed that appellant approached Ray on the subject in a casual meeting on the street, without any knowledge or information that Ray had been solicited as a prospective purchaser by appellee. Moreover, Ray testified that in the preliminary stages of negotiations with appellant he disclaimed any desire to purchase the place and stated that he wanted to rent a place.

Under these circumstances appellee can not be treated as having been the procuring cause of the sale, because he did nothing at all to bring the parties together.

It is true that, according to the testimony, he did not agree to give notice to appellant of prospective purchasers, neither was it agreed that he could earn the commission merely by recommending the purchase to prospective purchasers whose names were not to be disclosed to appellant. But, as before stated, we think that under the circumstances appellee was not the procuring cause, and is not entitled to a commission.

The judgment is therefore reversed, and judgment will be entered here dismissing the action.