## JOHNSON *v*. KNOWLES.

### Opinion delivered December 14, 1925.

BROKERS—RIGHT TO COMMISSION.—Where a broker showed a house to a prospective purchaser who declined to purchase it, but three months later rented the house, and thereafter purchased it from the owner, there being no connection between the broker's efforts and the sale, the agent was not entitled to a commission.

Appeal from Sebastian Circuit Court, Ft. Smith District; *John E. Tatum,* Judge; reversed.

#### STATEMENT BY THE COURT.

Bettie C. Knowles sued A. S. Johnson in the municipal court of the city of Fort Smith to recover $180 for commissions alleged to be due her on the sale of certain real estate for the defendant. The trial of the case in the municipal court resulted in a judgment for the defendant, from which the plaintiff appealed to the circuit court.

There the plaintiff was a witness in her own behalf. According to her testimony, she had been engaged in the real estate business for four or five years in Ft. Smith, Ark., at the time of the transaction in question. A. S. Johnson had built a large number of houses in Ft. Smith, and had listed some of them with her for sale. This included the property which is the basis of the present suit for commissions. The plaintiff had an oral contract with A. S. Johnson that, if she succeeded in finding a purchaser for any of the property listed with him, she was to have the usual commission of five per cent. She advertised in a local daily paper that she had residence property listed for sale. Mrs. A. H. Smith saw the

advertisement of the plaintiff, and called to see her. The plaintiff took Mrs. Smith in her car, and showed her some of the property which Mr. Johnson had listed with her. The plaintiff first called Mrs. Smith's attention to a west front residence which is the property that Mrs. Smith afterwards bought, and which is the basis of this lawsuit. Mrs. Smith declined to consider the house, and told the plaintiff that she wanted a residence with an east front. The plaintiff interested Mrs. Smith in a house with an east front just across the street from the one in question, and Mrs. Smith would have purchased that house, but for the fact that Johnson refused to take in exchange a residence that Mrs. Smith owned in Oklahoma. Two or three months later Mrs. Smith rented the house with the west front from Johnson. This is the same property which Mrs. Smith had first stated that she did not want, because it had a west front. After Mrs. Smith had resided in this house for one month, and while it was still listed with the plaintiff, A. S. Johnson sold it to her for $3,600, and took in on the deal the Oklahoma property which Mrs. Smith owned.

Mr. A. H. Smith and Mrs. A. H. Smith were both witnesses for the defendant. According to their testimony, Mrs. Bettie C. Knowles never at any time showed Mrs. Smith the house which she later bought from the defendant, or in any way tried to sell the same to her. On the other hand, she advised them on two occasions that it and another house next to it which belonged to A. S. Johnson had been sold. They testified further that subsequently they were looking for a house to rent, and a friend called their attention to the house in question, and they authorized him to rent it for them from A. S. Johnson if he could do so. The house was rented from Mr. Johnson, and after they had lived in it four or five weeks they began to talk to Mr. Johnson about the purchase of the house, and later on completed the deal.

According to the testimony of A. S. Johnson, he never at any time listed the house in question with the

plaintiff, and she had nothing whatever to do with the sale of it.

The jury returned a verdict in favor of the plaintiff, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*W. L. Curtis*, for appellant.

*J. Seaborn Holt*, for appellee.

HART, J., (after stating the facts). Counsel for the plaintiff seeks to uphold the judgment on the authority of *Scott* v. *Patterson*, 53 Ark. 49, where it was held that if a real estate agent employed to sell land introduces a purchaser to the seller, and through such introduction a sale is effected, he is entitled to his commissions, though the sale is made by the owner.

We do not think that the plaintiff's own testimony brings the present case within the principles of law decided in the case cited. The sale in the present suit did not result from any act or course of conduct whatever of the plaintiff. According to her own testimony, she showed the house in question to Mrs. Smith, and the latter declined to purchase it because it had a west front. The plaintiff failed to sell Mrs. Smith a house across the street with an east front, because they could not agree on taking in exchange some property which Mrs. Smith owned in Oklahoma. Then the transaction so far as the plaintiff was concerned ended. Two or three months later Mrs. Smith rented from Johnson the property in question, and after she had lived in it for about a month she entered into negotiations with Johnson which led to the purchase of the property by her.

It is true that, according to the testimony of the plaintiff, the property was still listed with her, but she had nothing whatever to do with making the sale. It may be that after Mrs. Smith had lived in a house with a west front for a while her objection to that kind of a house was removed; but, be that as it may, she had definitely declined to purchase the property when it was shown to

her by the plaintiff, and the matter was closed, so far as the plaintiff was concerned.

There is nothing in the record tending to show that the subsequent purchase by Mrs. Smith from Johnson himself was for the purpose of preventing Mrs. Knowles from receiving commissions, or that Mrs. Knowles was in any manner whatever interested in making the sale. Her part in trying to sell one of Johnson's houses to Mrs. Smith was ended, and there is no rule of law which would prevent Mrs. Smith from subsequently purchasing a house from Johnson on her own account.

It follows that the court erred in not instructing a verdict for the defendant as requested by him, and, inasmuch as the case seems to have been fully developed, no useful purpose could be served by remanding it for a new trial.

It follows that the judgment will be reversed, and the cause of action dismissed here.