LONG v. RISLEY.

4-7632                                           188 S. W. 2d 132

Opinion delivered April 30, 1945.

*O. E. Williams,* for appellant.

*Chas. W. Atkinson* and *Lee Seamster,* for appellee.

McHANEY, J. Appellee sued appellants to recover judgment for $375 as a commission due him on the sale of a farm near Fayetteville, Arkansas. Trial before the court sitting as a jury resulted in a finding and judgment for appellee for the sum sued for. This appeal followed.

Long listed in writing his farm for sale with Utsey Realty Company in May, 1941, at a price of $5,500. In August, 1941, Utsey sold his real estate business to Boyd, including all contracts or listings for sale of real estate. While Boyd had the contract, at the suggestion of Long, the sale price for this property was increased on the written contract to $6,500. In January, 1942, Boyd sold said business to appellee, with all contracts, including the Long contract. No assignment in writing was made by any of these parties of any of the listing contracts. Shortly after his purchase of the business, John R. Hudman and wife called upon appellee and wanted to purchase a farm. He found the Long contract in his files and testified that he called Long on the telephone "and asked him if he was the man that had the hundred-acre farm and he said 'yes'. I says, 'well its been marked here from $5,500 to $6,500 and I wonder what your price is, I have a buyer,' and he says '$6,500 and I pay the commission.' I asked him if it was all right for me to bring a man out to show him the property and he says 'yes'." Appellee took the Hudmans out and showed the property to them. They were very much interested and agreed to take it, and wanted to buy the live stock and farm implements also. Appellants prepared a list of the personal property and

the price asked and took same to appellee's office next day. Long asked to see and was shown the contract held by appellee, and he acknowledged that he signed it. Long raised the price to $7,000 and wanted it in cash. The Hudmans could not pay all cash and the deal fell through but on June 3, 1943, they returned to Fayetteville, called on appellee and appellants and made some arrangements with appellants to buy the farm and the personal property, and on July 14, 1943, they bought said properties from appellants, paying $7,500 for the farm and $1,700 for the personal property.

Appellee first sued for a commission of $325 on the sale to the Hudmans that fell through. He later amended his complaint to sue for the commission on the completed sale both for the farm and personal property. The court found that appellee was the procuring cause of the completed sale of the farm and rendered judgment for $375, but denied a recovery on the sale of the personal property, citing as authority *Green* v. *Ozark Land Co.*, 204 Ark. 627, 163 S. W. 2d 325.

In that case Judge HUMPHREYS, speaking for the court, said: "In *Scott* v. *Patterson and Parker,* 53 Ark. 49, 13 S. W. 419, this court declared the law applicable to this class of cases by quoting as follows from the case of *Tyler* v. *Parr,* 52 Mo. 249: 'The law is well settled that in a suit by a real estate agent for the amount of his commissions it is immaterial that the owner sold the property and concluded the bargain. If after the property is placed in the agent's hands, the sale is brought about or procured by his advertisements and exertions, he will be entitled to his commissions. Or if the agent introduces the purchaser or discloses his name to the owner, and through such introduction or disclosure, negotiations are begun, and the sale of the property is effected, the agent is entitled to his commissions, though the sale may be made by the owner'."

The contract in that case had a similar provision to one in the case here involved, which is as follows: "I agree that this contract shall be terminated and become null and void only upon sixty days' notice in writing re-

ceived by you at your office; and that when so terminated, there shall be no charges for expenses, commissions or otherwise against me. If after such termination I sell said property to a customer procured by you, I will pay the commission as herein provided, but until you receive such notice from me this agreement is in full force.''

The court was justified in holding, as it did inferentially, that no notice was given by Long of the termination of the contract, either written or otherwise. He ratified the contract as being one with appellee by recognizing its validity and offering to perform under it, and it is unimportant that there was no actual written assignment thereof by Utsey and Boyd. A contract with an agent to sell real estate as a broker is not required to be in writing. *Forrester-Duncon Land Co.* v. *Evatt,* 90 Ark. 301, 119 S. W. 282. The reason is that the contract with an agent to find a purchaser is not within the statute of frauds. *Moore* v. *Exelby,* 170 Ark. 908, 281 S. W. 671.

We think the evidence is quite substantial to support the finding that appellee was the procuring cause of the sale to the Hudmans, and, of course, the findings of the court sitting as a jury have the same binding force and effect here as the verdict of a jury.

Appellant concludes his brief by the statement: ''Surely there is no authority for a judgment against Amelia Long, simply because she is the wife of G. P. Long.'' Perhaps not, but that question was not raised in the lower court, was not assigned in the motion for a new trial, and cannot, therefore, be considered here.

The judgment is accordingly affirmed.

## ON REHEARING

McHANEY, J. Appellant, Amelia Long, wife of G. P. Long, petitions for a rehearing, and, as to her, we think it should be granted. We indicated in our original opinion that no judgment should have been rendered against her, but erroneously said the question of her liability was not raised in the lower court, or in the motion for a new

trial. We are now convinced that it was raised in the trial and in the motion, and that the judgment as to her should be reversed and the cause dismissed, although counsel did not stress her individual non-liability. She did not sign the contract with appellee or his predecessor, and made no contract either orally or in writing for the sale of the farm with anyone. Her only interest therein was the right of homestead and her possibility of dower, all of which she released and relinquished in the conveyance to the Hudmans.

The judgment as to her will be reversed and the cause dismissed at the cost of appellee.