HARTZOG *v.* DEAN.

4-8952                                             223 S. W. 2d 820

Opinion delivered October 31, 1949.

*Marcus Evrard,* for appellant.

*Oscar Fendler,* for appellee.

HOLT, J. A jury awarded appellee, T. F. Dean, a commission of $1,000 for his services in the sale of appellants' residence property in the city of Blytheville, Arkansas. From the judgment is this appeal.

For reversal, appellants question the sufficiency of the evidence to support the verdict, argue that the court erred in denying their request for an instructed verdict in their favor, at the close of appellee's testimony, and contend that error was committed in giving instructions 1 and 2, and in refusing to give appellants' offered instructions 1 and 2.

There appears to be but little, if any, dispute as to the material facts.

About July 1, 1948, appellant, Hartzog, acting for himself and his wife, as joint owners, entered into an oral contract with appellee, a real estate dealer, to sell their residence for $24,000, and to pay a commission of 5% on the gross price received. No time limit was specified and the listing was not exclusive. Appellee advertised the property for sale both by radio and newspaper. A short time later, Hartzog reduced the selling price to $22,000.

About three or four weeks after the property had been listed with him, Dean contacted E. M. Holt who was familiar with the property, wanted it, and became interested in its purchase, but not at the price of $24,000.

Dean testified: "He (Holt) had never lost interest in the house. Mr. Holt was interested in the house because he wanted the house. He said he knew the house, because the house used to belong to Eddie B. David, he said he knew the house when he had his home there. Q. And he was interested in buying it if the price could be made right A. Yes, sir."

Thereafter, about August 1, 1948, Dean called Hartzog on the phone at Sikeston, Missouri, and Hartzog agreed to reduce the price to $22,000.

The testimony further shows that Dean informed Hartzog that Holt was a good prospect and that he, Holt, was interested in buying the property but not at

$22,000. He gave this information to Hartzog before Hartzog sold the property to Holt. Holt testified: "Mr. Holt, if it hadn't been for Doc Dean putting you next to this deal, would you have ever known about the Hartzog home being up for sale? A. Well, he is the first and only one who ever told me about it, until Mrs. Hartzog called my wife." He would not pay $22,000 for the property. Hartzog was at home when Holt and his wife went to look at the house. Holt further testified: "Well, now since Mr. Evrard has brought up the fact you discussed Doc Dean, or mentioned Doc Dean to Mr. Hartzog, you did mention him to him on some occasion? A. Yes. Q. Do you recall any telephone conversations where you mentioned Doc Dean's name or he mentioned Doc's name to you? Do you recall any telephone conversations where it was mentioned A. Yes. That was the first call after we were over at the house on Saturday. When he came back there I told him the price was too high, and he said . . . I asked him if he couldn't cut it to twenty thousand dollars ($20,000), and then I might consider it, then he made the statement himself that if he sold it himself probably he wouldn't have to pay Doc Dean."

After Hartzog returned to Blytheville from Missouri, he sold the property to Holt for $20,000.

Considering and weighing the evidence in the light most favorable to appellee, as we must, we hold that there was substantial testimony to warrant the jury in finding that appellee, Dean, was the procuring cause of the sale of the property to Holt. In the circumstances, the fact that appellant, Hartzog, sold the property to Holt and completed the deal, on modified terms, is immaterial.

The governing rule, long established and oft repeated by this court, is clearly stated in *Scott v. Patterson & Parker*, 53 Ark. 49, 13 S.W. 419. It was there said: "The law is well settled that in a suit by a real estate agent for the amount of his commissions it is immaterial that the owner sold the property and concluded the bargain. If, after the property is placed in the

agent's hands, the sale is brought about or procured by his advertisements and exertions, he will be entitled to his commissions. Or if the agent introduces the purchaser or discloses his name to the owner, and through such introduction or disclosure, negotiations are begun, and the sale of the property is effected, the agent is entitled to his commissions, though the sale may be made by the owner." *Long v. Risley,* 208 Ark. 608, 188 S.W. 2d 132.

And, in *Stiewel v. Lally,* 89 Ark. 195, 115 S.W. 1134, this court said: "We find nothing in the law as stated by the authorities which declares that the procuring agent shall be denied his compensation on account of a modification of the original terms as proposed to the agent."

"The general proposition is well established that if property is placed in the hands of a broker for sale at a certain price, and a sale is brought about through the broker as a procuring cause, he is entitled to commissions on the sale even though the final negotiations are conducted through the owner, who in order to make a sale accepts a price less than that stipulated to the broker. The law will not allow the owner of property sold to reap the fruits of the broker's labor and then deny him his just reward." *Murphy v. Bradley,* 200 Ark. 208, 138 S. W. 2d 791, 128 A. L. R. 427.

Since we hold, as indicated, that the jury was warranted in finding on substantial evidence in favor of the appellee, the court did not err in denying appellants' request for an instructed verdict.

"A case should not be withdrawn from the jury unless it can be said as a matter of law that no recovery can be had upon any reasonable view of the facts which the evidence tends to establish." *Neal v. St. Louis, Iron Mountain & Southern Railway Co.,* 71 Ark. 445, 78 S. W. 220, (Headnote 1).

Among the instructions given by the court were the following: "1. You are instructed, Gentlemen, that where there is no exclusive listing, as in this case, the owner

has the right to sell the property himself. If he sells to a purchaser who was induced to buy by the efforts of the broker, the broker is entitled to a commission, even though the final negotiations are conducted through the owner who, in order to make the sale, accepts a price less than that stipulated by the broker. This rule, however, is subject to this exception:

"When the contract between the broker and the owner expressly makes the payment of commissions dependent upon the obtaining of a certain price for the property the broker cannot recover, even though the owner sells at a less price to a person to whom the broker first offered the property, unless the broker is prevented from making the sale at the stipulated price by the fault of the owner."

"II. Therefore, if you find from the evidence in this case that the property in question was listed with the plaintiff, Dean, as a real estate broker, to be sold by him at a certain price, and you further find that the payment of commissions was conditioned upon the receipt of that price, your verdict should be for the defendants, unless you find that the broker, Dean, was prevented from selling the property at the stipulated price by the fault of the owner, Hartzog."

Appellants' objection to these instructions was "upon the ground that there is no evidence in this record from which the jury could find that the plaintiff was prevented from selling the property at a price equal to that which he was authorized to accept, * * * and that all reference to that matter should be stricken from the instructions."

Based on the evidence, and the above authorities, these instructions correctly declared the law and submitted to the jury the theories of both parties. We find no error in either of them.

The court did not err in refusing to give appellants' requested instructions 1 and 2 for the reason that, as indicated, all matters and issues had been fully covered by the instructions given.

Finding no error, the judgment is affirmed.