GORMAN *v.* NEWTON.

5-2579                                                        353 S. W. 2d 538

Opinion delivered February 12, 1962.

*Kenneth Coffelt,* for appellant.

*Robert W. Henry,* for appellee.

NEILL BOHLINGER, Associate Justice. This is an action brought to recover a commission paid to the appellee in connection with the sale of some property in Conway, Arkansas, which is known as the Bachelor Hotel property.

It appears from the record before us that on July 25, 1959, the appellant entered into an agreement with the appellee whereby appellee was to sell the property of the appellant, which is known locally as the Bachelor Hotel, for the sum of $85,000.00 in cash. The facts in regard to the negotiations, the procurement of the purchaser, and other matters are well set forth in the case of *Carrick* v. *Gorman,* 232 Ark. 729, 340 S. W. 2d 377. From the facts therein set forth and the record in this case, it appears that the appellee procured a purchaser for the property who inspected the property, agreed to buy it, and deposited $8,500.00 on the purchase price.

The appellant granted the prospective purchaser additional time to complete financial arrangements and when the balance of the purchase price was not forthcoming, the appellant brought his suit against the purchaser [Carrick, by name] procured by the appellee upon the note which Carrick had executed for the balance of the purchase price. During the trial of that action it developed that appellant Gorman's title was defective in that a part of the wall of his building was on property belonging to the United States. In the *Carrick* v. *Gorman.* case, *supra,* this court cancelled the agreement between Gorman and Carrick, voided the note Carrick had given for part of the purchase price, and restored to Carrick the down payment of $8,500.00 which appellant appears to have repaid.

The appellant brings this suit contending that the sale between him and Carrick was never completed and that the appellee failed to find a buyer for the property ready, willing and able to pay because the offer and acceptance contract between the buyer and the appellant which the appellee negotiated provided for a cash

transaction and cash was never forthcoming. Further, that in the absence of fraud or misrepresentation or concealment, equity would demand that the real estate agent, as well as the seller, be on an equal footing, as far as the payment of the purchase money, where the sale is not completed.

We do not agree. In this case the appellee undertook to present a purchaser for appellant's property ready, willing and able to buy said property at appellant's price, or at any other price and terms acceptable to appellant. That the appellant deemed the purchaser procured by the appellee to be within the terms of the agreement is shown by the fact that the appellant brought. suit against the purchaser not to foreclose a lien on the property, but upon the note which the purchaser had given as part of the purchase price. Thus the appellant is in the position of acknowledging that the sale had been completed. The result of that suit did not disclose that the purchaser was not ready, willing and able to complete the transaction but that the appellant, the vendor, did not in fact have the title to the property which he had held himself out as possessing.

We think this case is well covered by our holding in *Orlicek* v. *Dockins and Spikes*, 224 Ark. 593, 275 S. W. 2d 630:

"Should doubt exist that the Orliceks and Spikes had in mind the procurement of a purchaser ready, willing, and able to buy upon acceptable terms, that doubt is dissipated by the suit for specific performance. After mentioning the offer made March 5th and accepted the following day, appellants refer to their warranty deed deposited with the abstract company, the participation of their wives in the sale, and assert that insofar as they are concerned all things necessary had been done, and that Dockins was equally bound with them. Since Spikes was their agent with authority to make the sale, and since they expressly affirmed that as the result of his negotiations a purchaser was found who should be required to specifically perform, it can hardly be said

that appellants did not treat the transaction as a consummated sale.''

See also *Hartzog* v. *Dean,* 216 Ark. 17, 223 S. W. 2d 820; *Scott* v. *Patterson & Parker,* 53 Ark. 49, 13 S. W. 419; *Stiewel* v. *Lally,* 89 Ark. 195, 115 S. W. 1134; *Hodges* v. *Bayley,* 102 Ark. 200, 143 S. W. 92; and *Barton* v. *Jordan,* 215 Ark. 504, 221 S. W. 2d 21.

In the present case the listing agreement which appellant signed with appellee had the following provisions:

''(c) I agree to pay you forthwith as commission 5% of the selling price, when a purchaser is procured through you or your representative at the stated price and terms, *or at any other price and terms acceptable to me.*'' [Emphasis added]

We find nothing that the appellee was required to do which he had not done. He had through his exertions procured a purchaser and the failure of the sale is chargeable not to appellee, but to the failure of appellant's title.

We hold that the finding of the chancellor is correct and this finding is here and now affirmed.