GEORGE W. GURLEY *et al.*, Respondents, v. THOMAS
O'DWYER, Appellant.

### St. Louis Court of Appeals, March 12, 1895.

1. **Verdict**: SIGNATURE BY FOREMAN: MOTION IN ARREST. A verdict
will not be invalidated by the failure of the foreman of the jury to
sign it; nor will the absence of such signature constitute sufficient
ground for a motion in arrest.

2. ———: DISREGARD OF INACCURACIES. A verdict which is responsive
to the issues will not be affected by an inaccuracy of punctuation or
expression, so long as its meaning is perfectly clear in the light of
surrounding circumstances.

3. ———: ———. In this cause, which was an action on a promissory
note for $103.70 and interest, the only defense was *non est factum*.
The jury returned a verdict for $1.12 16-100. *Held*, under the forego-
ing rule, that the dot or period in the verdict should be disregarded as
immaterial and that a judgment for $112.16 was properly entered on
the verdict.

4. **Justices' Courts**: DISMISSAL IN CIRCUIT COURT AS TO SOME OF THE
DEFENDANTS AFTER VERDICT. In an action instituted before a justice
of the peace, in which there were several defendants whose liability
was joint and several, judgment on a verdict in favor of the plaintiff
was entered in the circuit court against one only of the defendants,
whereupon this defendant filed a motion in arrest. *Held*, that the
plaintiff was entitled to dismiss as to the other defendants prior to
the determination of the motion.

*Appeal from the Barry Circuit Court.*—HON. J. C.
LAMSON, Judge.

AFFIRMED.

*Cloud & Davies* and *J. S. Plummer* for appellant.

*Pepper & Steele* for respondent.

ROMBAUER, P. J.—The plaintiffs sued Van Gieson,
Turner and the defendant, before a justice of the peace
on a promissory note for $103.70, dated May 21, 1892,

and bearing interest at the rate of eight per cent. per annum from date. Van Gieson made default and Turner confessed judgment, but the defendant put in a plea of *non est factum*, and upon a trial thereof before the justice recovered judgment. From this judgment the plaintiffs appealed to the circuit court, where the defendant's plea of *non est factum* was tried anew before a jury. The jury found for the plaintiffs, and returned the following verdict:

"We, the jurors, do find a verdict in favor of the plaintiff for $1.12 16-100.

(Signed)      "JOE JOHNSON."

The court entered judgment upon this verdict in favor of the plaintiffs and against the defendant Dwyer for $112.16. The defendant Dwyer thereupon moved the court to set aside the judgment, and enter judgment upon the verdict for $1.12 16-100, according to the finding of the jury, which motion the court overruled. The defendant then moved in arrest of judgment, because the verdict made no disposition of the other two defendants, Van Gieson and Turner, and because it was not signed by the foreman of the jury. Before this motion was disposed of, the plaintiffs dismissed as to Van Gieson and Turner, whereupon the court overruled the motion in arrest. Of these rulings of the court the defendant complains on this appeal.

Section 6269, of the Revised Statutes of 1889, provides that verdicts rendered in justices' courts shall be in writing, and shall be signed by the foreman of the jury. No such provision is contained in the statutes touching verdicts rendered in courts of record. This, however, we do not deem material, as it must be conceded that the universal practice in common law courts for centuries has required such verdicts to be in writing, and to be signed by the foreman of the jury. The

important question is whether such a requirement goes to the validity of the verdict? The question is one of first impression in this state, but it has been held with great uniformity in other jurisdictions, where the code expressly required a verdict to be signed by the foreman of the jury, that an unsigned verdict is not void; that a motion in arrest will not lie on that account, and that the code provisions requiring a verdict to be signed by the foreman of the jury are merely directory. *Morrison v. Overton*, 20 Iowa, 465; *Patterson v. Murphy*, 63 Ga. 281; *Burton v. Bondies*, 2 Tex. 203; *Hardy v. State*, 19 Ohio St. 579; *Berry v. Pusey*, 80 Ky. 166–170. All these decisions hold that such an informality is covered by the statute of jeofails, and is not a fatal defect. As, in this case, it appears from the record that Johnson, who signed the verdict, was on the panel of jurors who tried the case, it might even be assumed, in aid of the verdict, that he was foreman of the jury, but, under the foregoing decisions, which we consider a fair exposition of the law, we need not invoke that presumption to uphold the verdict.

Touching the second complaint, we see no reason why an inaccurate punctuation should destroy a verdict which is responsive to the issues, any more than inaccurate grammar or spelling, so long as the meaning of the verdict is perfectly clear in the light of surrounding circumstances. In *State v. McNamara*, 100 Mo. 100, the jury in their verdict assessed the defendant's punishment to two years in the "pertentiary." In *Snyder v. United States*, 112 U. S. 216, the jury made a still greater blunder in spelling. Both supreme courts held that the meaning was perfectly plain, and that the verdict was good. In the case at bar there was no pretense that anything was paid on the note. The only defense interposed was *non est factum*. As the verdict of the jury was for the note with interest, and,

as that is the only verdict which they could have rendered in conformity with the evidence, provided they found for the plaintiffs at all, the court did not err in entering the verdict according to the obvious intent of the jury, and rejecting the literal reading or erroneous punctuation. Besides this, we are bound to assume in support of the action of the court that the verdict was read to the jury, as is universally done, and that they assented to it as a verdict for $112.16. We have never heard of a jury going down to fractions of a cent in their calculation of damages. Section 2100 of the Revised Statutes of 1889 provides that errors not affecting substantial rights of the adverse parties shall be disregarded.

The last error complained of is that the court permitted the plaintiffs to dismiss as to the other two defendants before ruling on the defendant's motion in arrest of judgment. How that could have possibly prejudiced the defendant we can not see. As far as the record discloses, all the defendants were jointly and severally bound to the plaintiffs as makers of the note. The plaintiffs had a right to proceed against either. The plaintiffs did not appeal from a judgment rendered in their favor against the other defendants before the justice; but, conceding for the sake of argument only, that the plaintiffs' appeal vacated the judgment in their favor against the other defendants, yet the plaintiffs were at liberty to dismiss against them at any time. The defendant had no right to insist that the plaintiffs should prosecute their action against his codefendants.

All the judges concurring, the judgment is affirmed.