## POSTON v. HALL.

### Opinion delivered December 12, 1910.

REAL ESTATE BROKER—WHEN COMMISSION EARNED.—Where a real estate broker procures a person who is ready, able and willing to purchase the property upon the terms under which the agent is authorized to negotiate the sale, and the owner refuses to convey, the agent is entitled to his commission.

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; reversed.

*C. F. Greenlee,* for appellant.

*John Gatling* and *S. H. Mann,* for appellee.

HART, J. Appellants, who are real estate agents, brought this suit against appellees to recover commissions alleged to be due them for procuring a purchaser for appellee's lands.

Laura B. Hall disclaimed any interest in the lands, and the suit was dismissed as to her.

The trial in the lower court was before a jury, and the verdict was for appellee, W. W. Hall. From the judgment rendered appellants have duly prosecuted an appeal.

The verdict is not supported by the evidence. Without reciting the testimony in detail, it is sufficient to state that appellee, W. W. Hall, authorized appellants to sell his land, and agreed to pay them as commissions all in excess of $20 per acre. Appellants procured a purchaser, who agreed to pay $23 per acre in cash, and who had the amount of the purchase price, and was ready to pay it. Appellee Hall, upon being notified of these facts, refused to make the sale. Hall admits that one of the appellants told him that they had a purchaser ready and able to pay for the land; but he says that he did not believe that he was telling the truth, so he declined to call up the prospective purchaser, or to consummate the sale. He states that in a few days thereafter he sold the land to another person. We have not found anything in the record which warranted Hall in not believing Poston when he told him that he had procured a purchaser, ready and able to pay for the land.

The rule of law is that when the agent procures a person who is ready, able and willing to purchase the property upon the terms under which the agent is authorized to negotiate the sale, and the owner refuses to convey, the agent is entitled to his commission. *Pinkerton* v. *Hudson*, 87 Ark. 506; *Colburn* v. *Seymour* (Col.), 2 Am. & Eng. Ann. Cas. 182, and case note; *Hartford* v. *McGillicuddy*, 16 L. R. A. (N. S.) (Me.) p. 431, and cases cited.

We have examined the instructions and find them to be correct. Because there was no evidence to warrant the verdict the judgment will be reversed and the cause remanded for a new trial.