## HODGES *v.* BAYLEY.

### Opinion delivered January 15, 1912.

1.  ACCOUNT—SUFFICIENCY OF COMPLAINT.—An account filed as the basis of an action in the court of a justice of the peace is sufficient which alleges that defendant is indebted to plaintiff "to five per cent. commission on sale of grocery stock to Thornton & Co., on $1,018, $50.90." (Page 202.)

2.  APPEAL AND ERROR—HARMLESS ERROR.—A defendant can not complain of the court's error in overruling a motion to make the complaint more definite and certain if he was not surprised by any testimony adduced by plaintiff nor deprived of any witness whose testimony he · desired to introduce to sustain his defense. (Page 202.)

3.  · SAME—CONCLUSIVENESS OF VERDICT.—If there is any evidence adduced which is legally sufficient to sustain the verdict, it becomes conclusive upon appeal. (Page 202.)

4.  BROKER—RIGHT TO COMMISSION.—A broker who has been employed to sell property is entitled to his commission where he has brought about between the principal and another negotiations which resulted in a sale which was consummated by the principal, though the principal sold upon terms different from those mentioned to the broker. (Page 203.)

5. SAME—AMOUNT OF COMPENSATION.—If the amount of a broker's commission is not agreed upon at the time of employment, the broker is entitled to recover a reasonable compensation. (Page 203.)

6. TRIAL—VERDICT—WAIVER OF SIGNATURE.—The requirement of Kirby's Digest, section 6204, that the verdict shall be written and signed by the foreman may be waived where an unsigned verdict is rendered in open court and duly received without objection and thereafter recorded. (Page 204.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*T. S. Osborne,* for appellant.

A broker is not entitled to commission unless he has a contract to that effect. 70 Ark. 385; 65 Ark. 278. Defendant was entitled to have plaintiff state his cause of action in more definite terms. Kirby's Digest, § 4564; *Id.* 6091, 4565. The verdict of the jury must be signed by some one of their number as foreman. Kirby's Digest, § 6204; 5 Ark. 444; 29 Am. & Eng. Ency. Law 1042.

*P. E. Rowe,* for appellee.

The facts are determined by the jury. 67 Ark. 399; 74 Ark. 478; 76 Ark. 115; 70 Ark. 512. The court did not err in refusing to require plaintiff to produce a broker's license. 89 Ark. 195. A statute requiring the verdict of a jury to be signed by their foreman is directory only. 23 S. E. 760; 2 Tex. 204; 24 S. W. 645; 20 Ia. 465; 34 Ind. 464; 6 Ia. 456; 25 Mo. App. 300; 30 Tex. App. 601.

FRAUENTHAL, J. This is a suit to recover a broker's commission which the plaintiff claimed he earned by procuring for defendant the sale of a stock of groceries owned by him. The action was instituted in a court of a justice of the peace upon the following account:

"G. J. Hodges,

"To T. A. Bayley, Dr.

"To 5 per cent. commission on sale of grocery stock to Thornton & Co., on $1,018...................$50.90"

The defendant moved the court to require the plaintiff to make the statement of his cause of action more definite and certain, and the motion was overruled. Upon appeal being taken to the circuit court, the motion was there renewed and overruled. The trial resulted in a verdict in favor of plaintiff.

It is urged that the court erred in refusing to require the plaintiff to make the statement of his cause of action more certain and definite. It is provided by section 4565 of Kirby's Digest that an action may be commenced in a court of a justice of the peace by filing an account upon which the suit is based. The object of the provision of the statute (Kirby's Digest, § 6147) requiring a party to make his pleading definite and certain is to inform the opposing party of the facts upon which the alleged claim is based, so as to enable him to prepare his defense. The account filed in this case, we think, was sufficient to advise the defendant of the nature of the claim for which plaintiff sought recovery, so that he might prepare any defense which he had thereto. The defendant does not claim that he was surprised by any testimony adduced by plaintiff or that he was unable to obtain any witness whose testimony he desired to introduce to sustain his defense. He was not prejudiced in any event, therefore, by his motion being overruled.

It is contended that the verdict is contrary to the evidence adduced upon the trial of the case. The testimony relative to the issue decisive of the rights of the parties was conflicting. The plaintiff was engaged in the brokerage business in the city of Fort Smith, selling real estate and personal property upon commission. He had an agent by the name of C. Peterson who testified that he entered into a contract with the defendant by which plaintiff was employed to sell his stock of goods. The amount of the commission to be paid plaintiff was not mentioned, but defendant listed his property with him, and a statement thereof was taken by said Peterson in which a price of $1,200 or $1,300 was placed upon the stock of groceries. The plaintiff procured one Thornton as a prospective purchaser, and introduced him to defendant, who thereafter sold his stock of groceries to him for $1,018. In his testimony the defendant denied that he had listed his property with plaintiff for sale, or that he had employed him in any way relative thereto. He admitted, however, that the purchaser, Thornton, had been introduced to him by plaintiff's agent, and, after he had consummated the sale, this agent demanded payment of plaintiff's commission, and that, while he denied owing him anything, he offered to pay him $10 if he was due him any amount.

It may be that the verdict is not sustained by the preponderance of the evidence which was adduced upon the trial of the case. But it is not the province of this court to say whether or not the verdict of a jury is contrary to the weight of the evidence. The rule is that, if there is any evidence adduced which is legally sufficient to sustain the verdict, it becomes conclusive in the consideration of the case upon appeal to this court.

It has been held that a broker who has been employed to sell property is entitled to his commission where he has brought about between the principal and another negotiations which resulted in a sale which was consummated by the principal. *Hunton* v. *Marshall*, 76 Ark. 375. The broker is entitled to his commission in such event, although the principal sold upon terms different from those mentioned to the broker. *Stiewel* v. *Lally*, 89 Ark. 195. If the amount of the commission is not agreed upon at the time of the employment, then the broker is entitled to recover a reasonable amount therefor. We think there was some testimony proving that defendant listed his property for sale with the plaintiff and employed him to secure a purchaser for his stock of goods, and that plaintiff was the procuring cause of the sale thereof which defendant consummated with Thornton; and there was also evidence showing that the amount of the commission recovered was a reasonable and customary compensation for like service rendered in making such sales. *Branch* v. *Moore*, 84 Ark. 464; *Poston* v. *Hall*, 97 Ark. 23.

It is also urged that the court erred in refusing to require plaintiff to produce his broker's license which was granted to him by the city of Fort Smith. It is not claimed that there was any ordinance prohibiting one from engaging in the brokerage business in that city without having first procured license or vitiating any contract made by an unlicensed person. In the absence of such an ordinance, plaintiff could not be defeated of a recovery because he had not procured a license to sell the character of property which was the subject-matter of this sale. *Stiewel* v. *Lally, supra*.

It is contended that the verdict returned was not signed by the foreman or any other member of the jury, and that for this reason it was error to enter judgment thereon. According to the common law, it was not essential that a verdict should be

signed by the foreman.  22 Enc. P. & P. 898.   By section 6204 of Kirby's Digest it is provided: "The verdict shall be written, signed by the foreman and read by the court or clerk to the jury, and the inquiry made whether it is their verdict." This requirement, however, we think can be waived by a party; and it is waived by him when the unsigned verdict is rendered in open court and duly received without objection by either party to the cause and thereafter is duly recorded.  In the case of *Northern Pacific Rd. Co.* v. *Urlin*, 158 U. S. 271, the Supreme Court of the United States, in passing upon a like objection, said: "The contention that the judgment below was invalid because the verdict of the jury was not signed by the foreman as required by a section of the Code of Montana is, in our opinion, without merit.  The record discloses that when the verdict was rendered, at the request of defendant the jury was then and there polled by the clerk, and each of said jurors answered that the verdict as read was theirs, whereupon the plaintiff moved for judgment in accordance with the verdict, the motion was granted, and judgment was ordered accordingly. No objection was made or request that the verdict should be signed was then made by defendant, and we think that the court below was justified in treating the irregularity, if such it was, as having been waived."  To the same effect see *Morrison* v. *Overton*, 20 Ia. 465; *Gurley* v. *O'Dwyer*, 61 Mo. App. 348;  *Thompson* v. *Commonwealth* (Ky.) 15 S. W. 861; *Patterson* v. *Murphy*, 63 Ga. 281; *Chicago City R. Co.* v. *Cooney*, 196 Ill. 466.   In the case at bar, the verdict was duly rendered in open court by the jury and received by the court without any objection by defendant and judgment entered thereon. It follows that he waived any right now to object to the judgment which was rendered upon this verdict.   Finding no error which was committed in the trial of this case, the judgment is accordingly affirmed.