**SCHLOFMAN et al. v. BEAR CANON COAL CO.**

No. 4296.

Court of Civil Appeals of Texas. Amarillo.
Nov. 5, 1934.

Rehearing Denied Dec. 10, 1934.

Schlofman & Merchant, of Dalhart, for appellants.

Harry Schultz, of Dalhart, for appellee.

MARTIN, Justice.

Several motions have been filed by appellee. All are believed to be without merit and are only briefly mentioned.

Appellee moves to dismiss this appeal because the name of J. S. Miller, surety on appellants' appeal bond, is alleged to be forged. This is supported by Miller's affidavit. Four counter affidavits are filed contradicting Miller. The motion is overruled. In thus deciding, we do not impliedly hold either that such question may be first raised here, or that, if sustained, a dismissal would follow.

Appellee endeavors to have the briefs of appellants stricken because not filed until twenty days before the submission of this cause. There is no showing of any probability of injury to appellee, and this also is overruled.

It is not necessary, as contended by appellee, that appellants' assignments of error must be verbatim or even substantial copies of those contained in his motion for new trial, nor that such be filed in the trial court. Appellee has evidently overlooked recent statutory enactments and decisions.

The three assignments of error which we shall presently consider are sufficiently specific. Others will not be considered, and therefore their sufficiency will not be passed on.

Appellee recovered judgment in justice court against one J. P. Enfield for $177.65.

On July 13, 1932, it had issued and served a writ of garnishment on the Fort Worth & Denver City Railway Company. This garnishee answered in part:

"That at the time of the service of said writ of garnishment, and at this time, the garnishee is indebted to the defendant, J. P. Enfield, in the sum of $918.44. That said indebtedness of garnishee to said J. P. Enfield grows out of a claim filed by the said J. P. Enfield against garnishee with the Interstate Commerce Commission, and that at the time your garnishee filed its original answer herein when this cause was pending in the Justice Court, Precinct No. 2, Dallam County, Texas, it answered that your garnishee was indebted to the said J. P. Enfield in the sum of $1090.10; that this amount was 100% of the amount awarded on said claim in favor of the said J. P. Enfield by the Interstate Commerce Commission, but that subsequently said claim was settled upon a basis of 90%, whereby the amount of the indebtedness of your garnishee to the said J. P. Enfield is now the sum of $918.44. * * *

"That since the filing of your garnishee's original answer herein, W. H. Darwin and Jno. T. Matthews of Dallas County, Texas, have intervened herein, alleging that they hold an assignment in and to the fund impounded in garnishment which is prior and superior to the claim asserted by the plaintiff herein, and that likewise Art Schlofman of Dallam County, Texas, has intervened herein, alleging that he is the owner of all of the fund impounded in garnishment with the exception of the one-half portion thereof claimed by the said W. H. Darwin and Jno. T. Matthews under their said assignment."

Appellant intervened in said cause claiming an assignment to him of one-half of said fund, amounting to $545.05, by written assignment dated February 12, 1932, and supported by an allegedly valid and sufficient consideration. This was contested by appellee upon many grounds, the nature of which sufficiently appears hereafter.

Appellant lost in the justice court, appealed to the county court, and was again cast in the action, from which he prosecutes an appeal to this court.

■ The following issue was submitted to the jury: "Was the assignment or transfer, if any, from the defendant, John P. Enfield, to intervenor, Art Schlofman, of the funds garnisheed herein by plaintiff actually made before July 13, 1932?" Answered: "No."

The appellant by proper assignment questions the sufficiency of the evidence to support the jury finding, and contends the evidence raised no such issue.

In our opinion the evidence sufficiently, though meagerly perhaps, raised the issue submitted. We are cited to no evidence that a contract between appellant and Enfield, by which one-half of the funds in the hands of the garnishee was assigned, was ever consummated prior to July 13, 1932. Much testimony was given with reference to the date of the written assignment above mentioned, but none is cited in the briefs for either party that any such instrument was ever delivered prior to the garnishment of the funds in controversy or that any consideration was ever paid by appellant prior to said date. It seems to be uncontroverted that, after the purported written assignment in February, 1932, Enfield continued to exercise some ownership and control over the funds in controversy. The amount was compromised and a check apparently issued in Enfield's name by garnishee. The garnishee was never notified of this assignment. There is not, and naturally in the nature of the case would not likely be, any direct evidence, but we think the circumstances sufficiently supported the jury's finding.

■■ The verdict of the jury was apparently returned into court unsigned by the foreman or any member of the jury. This question was raised for the first time on motion for new trial, and is presented in this court as error, it being contended that the verdict was void.

It has been uniformly and repeatedly held that such a question may not be raised after the verdict has been returned and the jury discharged. It is also pointedly held that the statute requiring the signature of the foreman is directory and not essential to the validity of the verdict. See Aycock v. Paraffine Oil Co. et al. (Tex. Civ. App.) 210 S. W. 851, 853, and numerous authorities there cited.

■ It is claimed that the judgment rendered herein is not a final enforceable judgment. This for the reason that the judgment does not authorize the payment of the surplus, if any, remaining after appellee's claim is paid, to the appellant herein. This is apparently based upon the theory that the judgment of the court cancels appellant's written assignment, and that he cannot hereafter collect on same any surplus. We do not so construe the judgment. We interpret this judgment to be one that decrees a recovery on behalf of appellee and denies to appellant his

claim of all the funds covered by his assignment. It neither expressly nor by implication cancels his written assignment as a whole nor inhibits the collection by him of any amount remaining after satisfaction of appellee's claim as set out in the judgment. The case of Kerr v. Hutchins, 46 Tex. 384, and others of like character cited by appellant, have no application under our interpretation of the judgment.

In addition to the issue set out above, many other issues were submitted by the court, and all were answered adversely to appellant. These issues deal mostly with the question of whether or not the said written assignment was fraudulently made for the purpose of defrauding, hindering, and delaying the creditors of Enfield, and whether or not appellant took same with notice of such fraudulent intent. Many assignments of error appear, having to do with the pertaining only to these. If all these issues were eliminated from the case, appellee would still be entitled to judgment upon the finding made in answer to said special issue No. 1 set out above. The others were distinct and different defenses upon which appellee relied in addition to special issue No. 1. There is no complaint concerning said special issue No. 1, except as already discussed. Since a judgment based upon this one finds support in the record, any error pertaining to the others becomes harmless and will not be discussed. See West Texas Coaches, Inc., v. Madi (Tex. Com. App.) 26 S.W.(2d) 199, and the many authorities there collated.

The judgment is affirmed.