RUCKER *v.* COX.

4-5882 138 S. W. 2d 778

Opinion delivered April 1, 1940.

*Claude F. Cooper,* for appellant.

*Shane & Fendler,* for appellee.

MEHAFFY, J. Appellant purchased from R. W. Butler a used automobile. The seller accepted appellant's title-retaining note for $72 evidencing the balance of the purchase price. In 1937, appellant was a sharecropper on appellee's farm. The appellee contended that his advances to appellant amounted to $200.00, and that in July the crop was abandoned by appellant. Appellee purchased the automobile note from Butler, and in October of the year in which the supplies account became due, he instituted an action of replevin in the justice of the peace court. The only written pleading by the plain-

tiff was an affidavit to obtain delivery, which is as follows:

"The plaintiff, Roy Cox, states under oath, that the used Dodge automobile claimed by him in this action, is worth $72, and that he is the rightful owner of said automobile, and is entitled to immediate possession of same."

The plaintiff in the justice of the peace court filed the following bond:

"Roy Cox ...........................Plaintiff)
 vs. ) Bond
"Joe Rucker ...................Defendant)

"Before G. L. Waddell, J. P., Monroe Township, Mississippi County, Arkansas:

"We undertake that the plaintiff, Roy Cox, shall duly prosecute this action, and shall duly perform the judgment of the court therein by returning the automobile ordered to be delivered to the defendant, if a returning is adjudged, and by paying to the defendant, Joe Rucker, such sums of money as may be adjudged in this action against the plaintiff, not exceeding double the value of the property and the costs of action.

"R. E. Cox,
"M. N. Hobbs.

"Approved this 16 day of October, 1937.

"J. J. Greer, Constable.
"(Sheriff) (Constable)"

The transcript of proceedings in the justice of the peace court recites that the plaintiff filed affidavit, bond, and canceled check on the 16th day of October, "Thereupon a writ of replevin was issued against the defendant, returnable on the 26th day of October."

There was the further recital that on October 26th the plaintiff appeared in person, and the defendant appeared in person and by his attorney:—"The plaintiff testified and presented other evidence. The defendant failed to testify or to present any evidence; therefore the court finds for the plaintiff."

The defendant demurred to the jurisdiction of the court, and objected to plaintiff's testifying to his lost instrument at this time.

On November 15th, the defendant filed the following affidavit for appeal: "I, Joe Rucker, defendant in the above entitled cause, do solemnly swear that the appeal taken by me from the judgment therein rendered is not taken for the purpose of delay, but that justice may be done me."

The case was tried in the circuit court on June 5, 1939, and there was a verdict and judgment for the plaintiff for the possession of the automobile or its value, $75. Said jury also found that the defendant had not been damaged by reason of the wrongful taking of the automobile.

A motion for new trial was filed and overruled, and the case is here on appeal.

This was not an action for debt, but was an action in replevin for the possession of an automobile. The only written pleading in the justice court was the affidavit filed by the plaintiff. Summons was issued and an order of delivery for the property. The defendant appeared in justice court, filed no pleadings except a demurrer to the jurisdiction of the court. This demurrer was overruled, and plaintiff introduced evidence, but the defendant did not introduce any evidence. There was a judgment by the justice of the peace for the automobile, and the case was thereafter tried in circuit court on appeal. There was a verdict for the plaintiff for the possession of the automobile or its value, $75.

In the circuit court, there was no evidence introduced except the plaintiff testified and introduced two other witnesses who corroborated him. He testified that the automobile was sold, and that a promissory note was given retaining title in the seller; that he had purchased the note, but he had lost the note and had made diligent search for it, but was unable to find it. On the other hand the defendant testified that he had paid the note. These were questions for the jury and the evidence is ample to sustain their verdict.

If plaintiff had a note retaining title to the automobile and the debt had not been paid for it, he had a right to recover the automobile in an action of replevin.

The appellant contends that the court had no jurisdiction. Section 40 of art. 7 of the Constitution of Arkansas provides that justices of the peace shall have concurrent jurisdiction with the circuit court for the recovery of personal property, where the value of the property does not exceed the sum of $300, and in all matters of damage to personal property where the amount in controversy does not exceed the sum of $100.

The justice of the peace, therefore, had jurisdiction, and the circuit court had jurisdiction on appeal. Of course, the jurisdiction of the circuit court necessarily depends on whether the justice of the peace had jurisdiction.

It is contended, however, that the justice of the peace had no jurisdiction for the reason that plaintiff failed to comply with the provisions of § 8374 of Pope's Digest, which provides that ordinary actions shall be commenced by summons, but before the summons is issued the plaintiff shall file with the justice the account or the written contract, or a short written statement of the facts on which the action is founded.

The plaintiff in this case filed the affidavit, and this court has many times held that if it contained a statement of facts sufficient, it was not necessary to file a complaint in addition to the affidavit.

Moreover, the defendant was present at the trial in justice court and did not make any objection except to file a demurrer objecting to the jurisdiction of the court.

The section above referred to, § 8374 of Pope's Digest, provides not for an action in replevin, but for the commencement of ordinary actions. Plaintiff did not have to file an account, but he did have to file an affidavit, and this was done.

Appellant also contends that the court had no jurisdiction of the subject matter, for the reason that plain-

tiff's claim was based on a lost note. But his claim was, in this case, that he was the owner of the automobile and entitled to its possession, and it was not an action of debt.

If the defendant had paid the note as he contended, he would have been entitled to a verdict. Evidently the jury did not believe he had paid the note.

In a suit of this character, if the plaintiff prevails, the judgment is for the property or its value, just as it was in this case.

It is next contended that the evidence is not legally sufficient to support the verdict, because, appellant says, he had paid the note before the beginning of the suit, and that this evidence is not disputed. He overlooks several decisions of this court which hold that when a party to the suit testifies, his evidence is not regarded as undisputed, but shall be submitted to the jury and let the jury determine the facts.

While the affidavit did not contain all of the statements usual in affidavits for replevin, it could have been amended. This court, in discussing the question of an effective affidavit said: "This defect was not ground to dismiss the cause of action, however, as the affidavit might have been amended in this respect." *Chapman* v. *Claybrook*, 173 Ark. 705, 293 S. W. 43.

It is, also, said that the verdict of the jury was not signed, but the appellant made no objection to that, and this court said in the case of *Hodges* v. *Bayley*, 102 Ark. 200, 143 S. W. 92, that the statute requires a verdict to be signed, and said: "This requirement, however, we think can be waived by a party; and it is waived by him when the unsigned verdict is rendered in open court and duly received without objection by either party to the cause and thereafter is duly recorded."

The Texas Court of Civil Appeals, in the case of *Schlofman* v. *Bear Canon Coal Co.*, 77 S. W. 2d 337, said: "It has been uniformly and repeatedly held that such a question may not be raised after the verdict has been returned and the jury discharged. It is

also pointedly held that the statute is directory and not essential to the validity of the verdict." To the same effect are the cases of *Patterson* v. *Gulf, C. & S. F. Ry. Co.,* 77 S. W. 2d 1073; *Floyd* v. *Jackson,* 26 Ala. App. 575, 164 So. 121; *Douglass* v. *Rumelin et al.,* 130 Ore. 375, 280 Pac. 329.

The appellant was present in the justice of the peace court and also in the circuit court, and never at any time invoked § 9468 of Pope's Digest, which provides that the defendant in an action of this kind shall have the right to prove or show any payment or payments or set-off, and it provides that judgment shall be rendered for the property or the balance due thereon, and the defendant may pay the judgment and costs within ten days and satisfy the judgment and retain the property.

There is ample evidence to sustain the judgment of the court, and we do not find any reversible error.

The judgment is affirmed.