**BAUER v. HENSLEE et al.**

**BAUER v. TOWNSEND et al.**

**Nos. 1797, 1798.**

**United States District Court
E. D. Arkansas. W. D.**

**July 13, 1949.**

Lee Cazort, Jr., Little Rock, Ark., for plaintiff.

Robert A. Zebold, Pine Bluff, Ark., J. W. Barron, Little Rock, Ark., for Townsend and Campbell.

Palmer Danaher, Pine Bluff, Ark., A. F. House, Little Rock, Ark., for Henslee and others.

TRIMBLE, Chief Judge.

Plaintiff sues for commissions which she says she earned under contracts of agency for the sale of lands and timber lying within this district. While denying agency, or her participation in or procurement of the sales, the defendants have filed two motions, one for summary judgment and one for dismissal.

To sustain the motions for summary judgment they allege:

"It appears from the pleadings and stipulation of counsel that plaintiff was not licensed as a real estate broker within the State of Arkansas at any time during the year 1948 as required by law. It further appears as to the land for the alleged sale of which to the State of Arkansas plaintiff claims a commission that no binding agreement or court proceedings was made or had until May, 1948, at which time and subsequent thereto the State of Arkansas acquired title to said land by proceedings in eminent domain. Failure of plaintiff to have a license during 1948 bars her claim for recovery for a commission upon the sale of said lands."

In plaintiff's brief on the motion for summary judgment she says: "(The) question is whether or not Mrs. Bauer would be pre-

vented from recovering in this case because of the time element concerning her license as a real estate broker. There is no question but that a person who is not a licensed real estate broker under the laws of Arkansas is not entitled to recover a commission arising out of the sale of real estate. * * * Hence, it is the rule in Arkansas that it is only necessary that a real estate broker have a license at the time he earns his commission. Following this line of reasoning then, it is necessary to determine the point at which a real estate broker earns his commission. If he is licensed at that time, recovery can be had." She includes in her brief a chronological table showing that plaintiff was a licensed broker from July 16, 1946 to December 31, 1947; that Townsend and Campbell sold their timber December 10, 1947, and the lands in both cases and the timber in No. 1797 were sold in May and June, 1948.

In the absence of the prohibition of this statute, the plaintiff would be able to maintain her action if she produced a purchaser who is ready, willing and able to purchase the property upon the terms under which the agent is authorized to negotiate the sale. Poston v. Hall, 97 Ark. 23, 132 S.W. 1001; Reeder v. Epps, 112 Ark. 566, 166 S.W. 747.

Plaintiff does not allege that the sales were consummated at prices and on terms which she was authorized to offer, nor does she allege that the final purchasers were ready, willing and able to buy at the time she offered them the properties, at the price and on the terms she was authorized to offer. She does not allege that she made or particiated in the sales at the time they were made.

The undisputed facts show that no sales were made, except as hereinafter noted, until May and June, 1948, and at no time during the year 1948 did the plaintiff have a license as a real estate broker. In the case of Talley v. Tuggle, 183 Ark. 957, 958, 39 S.W.2d 707, the court said:

"The jury found on conflicting testimony that he had agreed to divide the commissions on an equal basis at the time of quitting the employ of appellee, in case he should make the sale of certain property,

which it is admitted that he afterwards effected; and it is unimportant whether he had a license as a salesman for appellee at the time of such agreement, or a license on his own account or any license at all, since he was duly licensed at the time he perfected the sales and earned the commissions."

Broadly speaking a real estate broker has earned his fee if and when the transaction has reached the point where "he could have then sued and recovered his fee." Nelson v. Stolz, 197 Ark. 1053, 1060, 127 S.W.2d 138, 142. An action brought by the plaintiff here at any time before the sales were made would have been premature. The plaintiff did not have a license at the crucial time when she could have maintained an action for her commissions, that is, when the sales were made, and when the amount of the commissions could have been ascertained. Not then having a license she cannot maintain this action under the prohibitions of Arkansas Statutes, 1947, Annotated, Vol. 6, p. 738, Sec. 71-1302. I find there is no genuine issue as to any material fact and no controversial question of fact to be submitted to the trial court, and conclude that defendants are entitled to judgment upon these issues as a matter of law.

In case No. 1798, the defendants sold the timber from the lands on December 10, 1947, while plaintiff was a duly licensed broker, and upon this sale she claims a commission.

Defendants as grounds for dismissal of this claim state:

"The timber for the sale of which plaintiff claims a commission was sold by contract dated December 10, 1947, and a true and correct copy of said contract is hereto attached, made part hereof and marked Exhibit 'A'. As more fully appears from the contract, the unit purchase price of said timber will fluctuate, depending upon the market price of one-inch, number two, common oak lumber; the vendees are given ten years within which to cut and remove the timber and the contract is subject to cancellation upon default or breach of said vendee. It also appears from said Exhibit A that at the time of its execution the vendee advanced the sum of $6,000 to apply upon

the purchase price of said timber. Subsequent to the execution of said timber contract, the vendee has paid the trustee herein the sum of $1699.40 for timber cut, which sum has been credited against the aforesaid advance of $6,000, as will be made to appear by proper affidavit. By reason of the foregoing plaintiff's suit is premature."

This contention of the defendants must be sustained. The contract for the sale of the timber is contingent, the price variable and the contract subject to cancellation for default in the performance of its conditions. See Irvin v. Brown Paper Mill, 8 Cir., 146 F.2d 232. The complaint as to this issue should and will be dismissed without prejudice to the plaintiff to further proceedings against the defendants when her cause of action shall have matured.