Vernon FISHER *v.* VALCO FARMS, a Partnership; Danny McCollum; and Air-Aids, Inc., a Corporation

96-661                                               945 S.W.2d 369

Supreme Court of Arkansas
Opinion delivered June 2, 1997

*Mike Everett*, for appellant.

*Fletcher Long, Jr.*, for appellees.

RAY THORNTON, Justice. A cotton crop belonging to appellant Vernon Fisher was damaged by an agricultural chemical that drifted onto his cotton. Mr. Fisher brought an action against appellees, Valco Farms, Danny McCollum, and Air-Aids, Inc., claiming that their negligence in applying the chemical, 2,4-D, to a rice field belonging to Valco Farms by cropdusters operated by Air-Aids, Inc., caused damage to appellant's cotton crop located two miles north of the rice field. The jury returned a verdict finding that appellees were not negligent.

Appellant moved for a new trial alleging that irregularities existed in the proceedings and that the verdict was clearly contrary to the preponderance of the evidence. The trial court did not rule on this motion and it was deemed denied. On appeal, appellant also asserts that the court committed error in failing to instruct the jury on res ipsa loquitur, AMI Civ. 3d 611, and in failing to instruct on the inherent danger of 2,4-D, AMI Civ. 3d 708. Appellant also urges that the court erred in failing to grant his motion for a directed verdict on contributory negligence and in including a provision regarding appellant's contributory negligence in the verdict forms. We have reviewed each point and have determined that the judgment should be affirmed.

██ We first consider appellant's allegation that the verdict was clearly contrary to the preponderance of the evidence. We have imposed strict limitations on the exercise of a trial court's discretion in setting aside a jury verdict and require that the verdict must be clearly against the preponderance of the evidence. *Ray v. Green*, 310 Ark. 571, 839 S.W.2d 515 (1992). In our review of the denial of a motion for a new trial, our test is whether there is any substantial evidence to support the jury verdict. *Id.* at 573.

In the case before us, there was substantial evidence suggesting several possible sources of the damage to appellant's cotton. Two State Plant Board investigators testified that the chemical 2,4-D may have drifted from Valco Farm's rice field. However, an expert for appellees testified that most of the damage to the cotton was from other sources, including the possibility that 2,4-DB had been applied to appellant's soybean crop adjacent to his cotton. He also told the jury that he had found containers of 2,4-DB, some of which were partially empty, in appellant's equipment shed. He testified that while 2,4-D and 2,4-DB were chemically different, both chemicals had the same effect on cotton.

█ Our review shows that there was substantial evidence to support the jury verdict, and we conclude that the trial court did not abuse its discretion by not granting the motion for a new trial on the basis of this allegation.

█ We next turn to appellant's argument that irregularities in the proceedings required a new trial pursuant to Ark. R. Civ. P. 59. We reverse a trial court's decision granting or refusing a new trial only where an abuse of discretion is shown. *Clayton v. Wagon*, 276 Ark. 124, 633 S.W.2d 19 (1982).

First, appellant claims that the jury verdicts did not reflect the results that the jury had intended. The jury returned verdicts on interrogatories provided to them, and apparently were not told that if they found appellees were not negligent, it was not necessary to fill out other interrogatories apportioning responsibility for damages. After the jury reported its responses that appellees were not negligent, the trial court proceeded to read the jury's responses to other interrogatories and then noted:

> We should have had on here ladies and gentlemen — and I apologize — that if you answered Interrogatories One, Two, Three, and Six: No, then there wouldn't be any need to answer the others. But we didn't have that on here. So if you gentlemen don't have any questions, I'm going to accept the verdicts. . . .

Although the additional interrogatories were not required to be completed, we note that the results were consistent with the verdict in that the jury apportioned 70% of the damage to the cotton crop to appellant.

■ It is well established that the failure to object to some irregularity in a verdict prior to the discharge of the jury constitutes a waiver of that irregularity. *Northern Pac. R.R. Co. v. Urlin*, 158 U.S. 271 (1895). The time to correct or clarify a verdict is before the jury is discharged. *Barham v. Rupert Crafton Comm'n Co.*, 290 Ark. 211, 718 S.W.2d 432 (1986).

■ The jury was polled at appellant's request, and nine of the twelve jurors supported the verdict. There was no objection from either party after the poll, and we conclude that the trial court did not abuse its discretion in accepting the verdict.

■ Appellant's second assignment of jury irregularity requiring a new trial is the assertion that on one of the verdict forms, the jury had written "yes" two times and then crossed both of them out and substituted the word "no." Appellant did not abstract the verdict form for our review. Our review is limited to the record as abstracted; therefore, this argument is procedurally barred. *Southern Farm Bureau Cas. Ins. v. Allen*, 326 Ark. 1023, 934 S.W.2d 527 (1996).

Appellant's next argument for a new trial is that there was an irregularity in the proceedings because the jury returned unsigned verdict forms. Appellant claims that because the verdict forms were unsigned, the trial court was required to grant a new trial.

■ Arkansas Code Ann. § 16-64-119 provides the following requirements:

> The verdict shall be written, signed by the foreman, and read by the court or clerk to the jury, and the inquiry made whether it is their verdict.

Ark. Code Ann. § 16-64-119(c) (1987). We have long held that the requirement that the verdict be in writing and signed by the foreman is waived when rendered in open court "and duly received without objection by either party to the cause and thereafter is duly recorded." *Hodges v. Bayley*, 102 Ark. 200, 204, 143 S.W. 92, 93 (1912). We have further stated that an appellant waives any objection to the verdict when it is returned without the foreman's signature, and the appellant is present and makes no objection. *Rucker v. Cox*, 200 Ark. 247, 138 S.W.2d 778 (1940).

Here, the verdict was in writing and rendered in open court, as required under Ark. Code Ann. § 16-64-119(c). However, because the verdict was "duly received without objection" and "duly recorded," we conclude that appellant waived any objection to the requirement that the verdict forms be signed.

Appellant raises three additional assignments of error. Appellant alleges trial court error in the failure to give jury instructions AMI Civ. 3d 611 and 708 under two separate points; however, we review them together. Appellant argues that the trial court made an error of law by refusing to instruct the jury on res ipsa loquitur, AMI Civ. 3d 611, and that pursuant to Ark. R. Civ. P. 59(a)(8) he is entitled to a new trial. Appellant also claims that the evidence presented at trial was sufficient to make a fact question of whether the chemical 2,4-D is inherently dangerous and that the trial court erred in failing to give AMI Civ. 3d 708 on that issue.

The Arkansas Rules of Civil Procedure set out the requirement for properly preserving a jury-instruction objection on appeal as follows:

> No party may assign as error the giving or the failure to give an instruction unless he objects thereto before or at the time the instruction is given, stating distinctly the matter to which he objects and the grounds of his objection, and no party may assign as error the failure to instruct on any issue unless such party has submitted a proposed instruction on that issue.

Ark. R. Civ. P. 51. Under this rule, any objections must be made before or at the time the instructions are given. The burden is on appellant to make a proffer of the instruction to the trial court and to make his objections. *Precision Steel Warehouse v. Anderson-*

*Martin*, 313 Ark. 258, 854 S.W.2d 321 (1993). That proffered instruction must then be included in the record and abstract to enable the appellate court to consider it. *Wallace v. State*, 326 Ark. 376, 931 S.W.2d 113 (1996). An instruction that is not contained in the record is not preserved and will not be addressed on appeal. *Marcum v. State*, 299 Ark. 30, 771 S.W.2d 250 (1989).

■ Here, neither the abstract nor the record contains either the AMI Civ. 3d 611 or the AMI Civ. 3d 708 instruction requested by appellant. The only record we have of this point is the following trial court comment:

> THE COURT: Plaintiffs objected to refusal of the Court to give AMI 708 and 611. Defendants objected to the giving of 601 and they will amplify their objections later.
> (Return to open court)

The forms as printed in AMI Civ. 3d contain numerous blanks and choices of alternative language. We cannot determine from the record whether, or in what form, these proposed instructions were proffered. Therefore, we do not reach appellant's argument that the trial court failed to give either of these jury instructions because these points are not preserved for our review.

In his final point of appeal, appellant alleges two errors. First, appellant urges that the trial court erred in failing to grant his motion for a directed verdict, requesting that the affirmative defense of contributory negligence be stricken. Second, he argues that the trial court erred by giving an instruction on the issue of appellant's contributory negligence and by including in the verdict form a provision allowing such a finding. We determine that neither of these arguments has merit for the following reasons.

After appellant made his motion for a directed verdict on the issue of the contributory-negligence defense, the court stated, "Let's skip on to the next motion. I will reserve that for right now." Although there was discussion on the issue, the abstract does not reveal that the trial court ever ruled on appellant's motion.

■ It is well established that the burden of obtaining a ruling is on the movant, and any objections and questions left

unresolved are waived and may not be relied upon on appeal. *Danzie v. State*, 326 Ark. 34, 930 S.W.2d 310 (1996). We cannot reach this argument because appellant never obtained a ruling. It was appellant's burden to obtain a ruling, and the absence of a ruling constitutes a waiver of this issue on appeal.

The record does not reflect that appellant made any objection to the trial court's jury instruction on contributory negligence. To preserve the issue for this court's review, appellant is required to make a timely objection by informing the trial judge why the instruction was wrong. Ark. R. Civ. P. 51; *St. Louis Southwestern Ry. Co. v. Grider*, 321 Ark. 84, 900 S.W.2d 530 (1995). In his brief to this court, appellant acknowledges this defect and claims that he "will attempt to supplement the record to show this objection as per Rules of Appellate Procedure #6." No supplement has been received, and this issue is not preserved for our review.

We have carefully considered each of the assignments of error and conclude that the judgment should be affirmed.