Walter and Betty RHODES *v.*
FARMERS INSURANCE COMPANY, INC.

CA 01-1110                                              86 S.W.3d 401

Court of Appeals of Arkansas
Division I
Opinion delivered October 2, 2002

*J. Sky Tapp*, for appellant.

*Huckabay, Munson, Rowlett & Moore, P.A.*, by: *Sarah Presson* and *Julia L. Busfield*, for appellee.

JOSEPHINE LINKER HART, Judge. Appellants, Walter and Betty Rhodes, appeal the entry of summary judgment in favor of appellee, Farmers Insurance Company. The trial court's order held that appellants were not entitled to collect damages under the excessive dwelling coverage of their policy. For reversal, appellants argue that the trial court erred in finding that the disputed policy provision concerning excessive dwelling coverage was unambiguous. We disagree and affirm.

Appellants were insured by appellee under a homeowner's fire insurance policy for the period of April 29, 1998, to April 29, 1999. On June 4, 1998, appellants' home was completely destroyed by fire. Both parties obtained estimates of the cost to rebuild the home and determined that the reconstruction costs would exceed the $97,000 limit of insurance coverage and the "excessive dwelling coverage," which provided for payment of the actual replacement cost up to 125 percent of the policy limit. Appellants elected to purchase a mobile home instead of rebuilding the dwelling. Appellee paid appellants the face value limit for the dwelling in the amount of $97,000. However, appellee refused to pay appellants an additional sum of $24,250, which was twenty-five percent above the face value for "excessive dwelling coverage." Appellants then filed suit seeking to enforce the excessive dwelling coverage.

The trial judge determined that the language providing for excess dwelling coverage was unambiguous and that as a condition of claiming the additional amount, appellants must repair or replace the destroyed property. After the trial judge granted appellee's motion for summary judgment and dismissed that portion of appellants' case, the parties settled the remainder of the lawsuit and the entire case was then dismissed.

Acknowledging that they did not expend the funds covered by the excessive dwelling coverage, appellants challenge the trial court's finding by claiming an ambiguity exists in the policy language regarding loss settlement and argue that they are entitled to recover up to 125 percent of the limits of insurance to cover the cost of replacing or repairing the dwelling in accordance with the "excessive dwelling coverage" portion of the policy. The policy provides under "excess dwelling coverage" that appellee "will pay to repair or replace covered loss under Coverage A—Dwelling up to 125% of the limits of insurance for Coverage A—Dwelling." Further, the policy provides the following conditions to the coverage for loss settlement:

> 2. When the cost to repair or replace is *more* than $1,000 or *more* than 5% of the limit of insurance in this policy on the damaged or destroyed building, whichever is less, we will pay no more than

the **actual cash value** of the damage until repair or replacement is completed.

3. At your option, you may make a claim under this policy on an **actual cash value** basis loss or damage to buildings. Within 180 days after loss you may make a claim for any additional amount on a replacement cost basis if the property has been repaired or replaced.

■■■ Summary judgment is granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *St. Paul Reinsurance Co., Inc. v. Irons*, 345 Ark. 187, 190, 45 S.W.3d 366, 369 (2001). After the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof that a genuine issue of material fact exists. *Id.* On review, we determine if the judgment was appropriate based on whether the evidence presented by the moving party has left a material fact unanswered. *Id.* The evidence is viewed in a light most favorable to the nonmoving party, resolving all doubts and inferences against the moving party. *Id.*

■■ ■ "The construction and legal effect of a written contract is a matter to be determined by the court, not the jury, except when the meaning of the language depends upon disputed extrinsic evidence." *American Investors Life Ins. Co. v. Butler*, 76 Ark. App. 355, 360, 65 S.W.3d 472, 475 (2002). Where the terms of the policy are clear and unambiguous, the policy language controls. *Noland v. Farmers Ins. Co., Inc.*, 319 Ark. 449, 892 S.W.2d 271 (1995); *Columbia Mut. v. Home Mut. Fire Ins. Co.*, 74 Ark. App. 166, 47 S.W.3d 909 (2001). Language is ambiguous when there is doubt or uncertainty as to its meaning or it is susceptible to two interpretations. *Butler, supra.* Where the language in an insurance policy is ambiguous, the court must adopt the interpretation that is favorable to the insured. *Id.* Language in an insurance policy should be construed in its plain, ordinary, and popular sense. *Tri-State Ins. Co. v. Sing*, 41 Ark. App. 142, 850 S.W.2d 6 (1993).

■ Although appellants obtained estimates for the cost to repair or rebuild the dwelling, they chose not to rebuild their

home. The policy states under the loss-settlement provisions that "we will pay no more than actual cash value of the damage *until* repair or replacement is completed." Because appellants did not fulfill the policy's conditions precedent, appellee had no duty to pay the additional money. We agree with the trial court that the language of the policy is clear and unambiguous.

Appellants further contend that the trial court erred in refusing to find the contract unconscionable. Although appellants raised this issue in their brief in support of response to the motion for summary judgment, the abstract does not reveal that the trial court ruled on this point. The court's ruling specifically addressed the issue of whether the contract was ambiguous but did not address whether it was unconscionable. The trial court granted the motion for summary judgment, and the other issues were settled and dismissed.

It is well-settled law that the burden of obtaining a ruling is on the movant, and any objections and questions left unresolved are waived and may not be relied upon on appeal. *See Fisher v. Valco Farms*, 328 Ark. 741, 945 S.W.2d 369 (1997); *Casteel v. State Farm Mut. Auto. Ins. Co.*, 66 Ark. App. 220, 989 S.W.2d 547 (1999). Because appellants failed to obtain a ruling, their second contention was not preserved, and we cannot reach this argument on appeal.

For the reasons above, we hold that the trial court properly found that no genuine issues of material fact existed and entered summary judgment; therefore, we affirm.

Affirmed.

JENNINGS and GRIFFEN, JJ., agree.