

Cite as 2013 Ark. App. 470

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–12–964

| | | |
|---|---|---|
| | | **Opinion Delivered** September 4, 2013 |
| DAVID EDGMON | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [No. 60CV-10-7207] |
| V. | | |
| LITTLE ROCK POLICE DEPARTMENT | APPELLEE | HONORABLE TIMOTHY DAVIS FOX, JUDGE AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant David Edgmon appeals a Pulaski County Circuit Court decision finding that, while employed by the Little Rock Police Department as a police officer, he violated three Rules and Regulations of the department—engaging in conduct unbecoming an officer; engaging in personal conduct which, if brought to the attention of the public, could result in justified criticism of the officer or the department; and being intoxicated in public view—and that termination was the appropriate disciplinary action based on the severity and quantum of the violations. On appeal he claims that the circuit court did not have jurisdiction to hear the case, that it failed to conduct a de novo review of the evidence, that it erred in excluding relevant evidence, and that its findings were clearly against the preponderance of the evidence. We disagree and affirm the decision of the circuit court.

The facts of this case are not in dispute. On August 23, 2010, Edgmon received a letter of termination based on a determination that he had engaged in conduct unbecoming an officer.

SLIP OPINION

The letter provided that he could appeal to the Little Rock Civil Service Commission, which he did. The Commission upheld the violation but reduced the disciplinary action from termination to a thirty-day suspension. Appellee Little Rock Police Department (LRPD) then appealed the Commission's modification to circuit court. In an order entered on August 9, 2012, the court affirmed the Commission's decision regarding the offenses committed by Edgmon, but it reversed the Commission's reduction of Edgmon's penalty and reinstated the termination. Edgmon filed his timely notice of appeal on August 15, 2012.

The questionable conduct of Edgmon occurred on March 5, 2010, while he was off-duty. His actions were captured on a video recording that was shared publicly on YouTube. The recording, which is a part of the record, shows Edgmon, who was admittedly intoxicated, approach a group of males outside the Ernie Biggs Piano Bar in the Little Rock River Market area and request that they "[q]uit blowing weed in my face." Edgmon acknowledged the camera and even waved to it. He then produced his LRPD badge and told the men, "Get out of my fu\*\*ing face. Get this illegal product, fu\*\*ing jigaboo sh\*t out of my fu\*\*ing face." Little Rock Police Chief Stuart Thomas testified regarding the behavior of Edgmon:

> It's humiliating; it's embarrassing. It calls into question the ability of [Edgmon], and any officer, to perform their function in an unbiased and impartial manner. It indicates a predisposition to prejudice. It has, in my opinion, a negative impact on the morale of the work force. It was insulting to our employees, both police officers and civilians. I just—I felt it had a thoroughly embarrassing and negative impact on the law-enforcement community. It was just an unfortunate incident all the way around, and I felt that the situation, after reviewing the evaluations and looking at the video, was to separate [Edgmon] from the employment of the department.

At the hearing, Edgmon claimed that he was unaware that "jigaboo" was a racially offensive term. However, Chief Thomas testified that he "didn't have a question in [his] mind as to

2

[Edgmon's knowledge of] what that word and the inferences . . . was [sic]." Chief Thomas also noted "I can't begin to believe that that would be indicative of prudent judgment of a law-enforcement officer who's out working every day if you make that type of word association in that situation."

Edgmon then introduced evidence regarding prior incidents of officers engaging in similar conduct that resulted in discipline less than termination. One incident involved an officer, Russ Littleton, who was arrested for driving while intoxicated in a taxpayer-owned vehicle. Chief Thomas explained that while the incident involved "exceptionally poor judgment," a thirty-day suspension "was the appropriate measure to correct the behavior." Chief Thomas explained that here, Edgmon was not only intoxicated, but he also presented his badge while impaired, and (after acknowledging the camera with a wave) uttered a racially offensive epithet.

Edgmon introduced evidence of another incident where Officer Kendrick Hawkins allegedly used the term "porch monkey" in a conversation with a suspect while the suspect was awaiting treatment at UAMS for a canine (K-9) bite. Hawkins was issued a letter of reprimand for his behavior. Both Edgmon and Hawkins served in Lieutenant James Arnold's chain of command when these incidents occurred. Arnold testified that, unlike the provocative nature of Edgmon's actions, he viewed the Hawkins comment "as being more a corrective measure, trying to get somebody to calm down instead of an actual slur. And it was the context in which it was used."

After hearing this and other testimony and reviewing the video recording of the incident, the circuit court found that Edgmon had violated three LRPD Rules and Regulations and that

SLIP OPINION

SLIP OPINION

termination was the appropriate disciplinary response. It is from this order that Edgmon now

appeals.

He first argues that the circuit court's decision was not a de novo review, but was instead

"merely a review of the correctness or incorrectness of the [Little Rock Civil Service]

Commission decision." However, the record proves otherwise. In fact, counsel for both parties

and the court had a specific exchange regarding the nature of the review to be conducted by the

court:

> So different administrative appeals have different procedural methodologies. This
> particular one, as I understand it, since it's an appeal from the Civil Service Commission,
> is an appeal de novo where I may, if that's what you all want to do, take additional
> testimony and evidence as opposed to making the decision upon the record that's
> presented. Is that correct? That's what you all agreed and pled to me?

Counsel for both sides responded in the affirmative, and the court acknowledged the response

with "Okay. All right. So it's totally de novo, and so no utilization of substantial evidence rule

or the abuse of discretion or any of those things, right?"

Although all parties acknowledged and confirmed the de novo route of the hearing,

Edgmon argues the circuit court failed to make independent findings. Edgmon claims that

despite the fact that the order states that a de novo hearing took place, such a hearing did not

occur. Edgmon requests that the case be remanded "with explicit direction that [the circuit

court] reconsider the case and make express findings of fact and conclusions of law that show

there was not merely a review of the correctness or incorrectness of the Commission decision

but are truly de novo decision [sic]." However, the statute does not require that the circuit court

list express findings of fact or conclusions of law in its order. The statute provides that the

"court shall review the commission's decision on the record and may, in addition, hear testimony or allow the introduction of any further evidence upon the request of either the city or the employee." Ark. Code Ann. § 14-51-308(e)(1)(C)(i) (Repl. 1998). Rule 52(a) of the Arkansas Rules of Civil Procedure provides:

> If requested by either party at any time prior to entry of judgment, in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58.

However, the record reveals that Edgmon failed to request that the circuit court state findings of fact and conclusion of law prior to the court's entry of judgment. And, the "failure of a party to request special findings of fact amount[s] to a waiver of that right." *Smith v. Quality Ford Inc.*, 324 Ark. 272, 276, 920 S.W.2d 497, 499–500 (1996). The record shows that the circuit court properly conducted a de novo hearing, heard testimony, allowed for the introduction of additional evidence, made a determination that Edgmon committed three violations, and ordered that termination was the appropriate discipline for the violations. There was no objection made to the order, and "any objections and questions left unresolved are waived and may not be relied upon on appeal." *Rhodes v. Farmers Ins. Co.*, 79 Ark. App. 230, 234, 86 S.W.3d 401, 403 (2002). The record shows that a de novo hearing was in fact conducted by the circuit court and that Edgmon failed to request specific findings. Therefore, we see no error and affirm on the first point of appeal.

Next, Edgmon claims that there was not a final, appealable order entered by the Civil Service Commission. Commission trials are governed by Ark. Code Ann. § 14-51-308 (Repl. 1999), which provides

5

(d)(1) The chairman of the commission shall preside at all trials and shall determine and decide all questions relative to pleadings and the admissibility of evidence. (2) The decision of the commission shall be by a majority vote of the members of the commission.

The statute does not require a written order at the trial stage. The Commission determined (unanimously) that Edgmon violated the Rules and Regulations of the Little Rock Police Department. The Commission then reduced the discipline from termination to a thirty-day suspension (in a split 3-2 decision). Although Edgmon claims that the Commission failed to prepare a written order containing its decision as required by Ark. Code Ann. § 14-51-308(a)(2)(e)(B)(ii), he misinterprets the statutory requirement. According to the statute

The commission will upon receiving notice of an appeal prepare a written order containing its decision and ensure that the transcript and evidence be made available for filing in the circuit court once the appealing party has paid the cost of preparing the transcript.

The requirement that the Commission prepare a written order, therefore, does not arise until the Commission receives a notice of an appeal. On December 8, 2010 (twenty days after the conclusion of the trial on November 18, 2010), Edgmon filed a timely notice of appeal to the Commission. On December 15, 2010, the Commission issued a written order in which it set out specific findings of fact and conclusions of law. Because the Commission entered a written order as required by the statute, the circuit court had proper jurisdiction. As such, there is no basis to vacate and remand the decision of the circuit court as requested by Edgmon.

Next, Edgmon argues that the circuit court erred when it excluded evidence proffered by him at trial. However, the decision to admit or exclude evidence is within the sound discretion of the circuit court, and its decision regarding the admission of evidence will not be

disturbed absent a manifest abuse of discretion. *Paschal v. State*, 2012 Ark. 127, 388 S.W.3d 429.

Here, the circuit court refused to take evidence relating to posttermination events because the evidence was not relevant to the preceding termination. Admission of evidence of subsequent incidents, like that of prior incidents, poses the question of relevancy. *Ark. Power & Light Co. v. Johnson*, 260 Ark. 237, 538 S.W.2d 541 (1976). As the circuit court stated

> The department could not have made its original determination based upon events that didn't happen till a year or two in the future and neither could the Civil Service Commission have made its decision, so anything that happened after this is not relevant.

The court also excluded evidence of an event that occurred twenty years prior to Edgmon's termination. The proffered testimony allegedly involved a Little Rock police officer who attended a Fraternal Order of Police Halloween party in the 1990s "dressed in coveralls, carrying a watermelon, in black face with an Afro-type wig on" yet received only a thirty-day suspension. The court found that the incident was "too distant in time" but noted that "[t]hings that might have occurred under the present administration or within a couple of year period of time, I'm willing to consider those." We agree that the probative value of an event that occurred twenty years prior, under a different administration, is minimal and refusal of the evidence does not amount to a manifest abuse of discretion. Accordingly, we affirm the decision of the circuit court excluding the proffered testimony.

As to Edgmon's final point on appeal, he claims that the circuit court's decision that termination was the appropriate disciplinary action was clearly against the preponderance of the evidence. Here the facts are undisputed, and the court found that Edgmon engaged in conduct unbecoming an officer; engaged in personal conduct which, if brought to the attention of the

7

public, could result in justified criticism of the officer or the department; and was intoxicated in public view. Considering the fact that these are three separate and severe violations, the reinstatement of Edgmon's termination was not clearly against the preponderance of the evidence. Any single offense could have resulted in such an action, and the cumulative impact is reflected in the circuit court's decision, which we affirm in all respects.

Affirmed.

WHITEAKER and HIXSON, JJ., agree.

*Robert A. Newcomb*, for appellant.

*Cross, Gunter, Witherspoon & Galchus, P.C.*, by: *J.E. Jess Sweere*, for appellee.